District Court, S. D. New York.

Nov. 14, 1945.

**In re SUBURBAN BUS CO., Inc.**

District Court, S. D. New York.

Jan. 10, 1946.

filed by the employees herein are not provable under the terms of the Bankruptcy Act. See Title 11 U.S.C.A. § 103.

The employees have petitioned this court for a review of the Referee's decision and findings. The Referee has written a lengthy well-considered memorandum. I see no necessity for adding to it, except that I concur with him in his determination.

To summarize the situation briefly, this seems to be the proposition here: The employees are entitled to the additional compensation only if (1) the War Labor Board Directive is in the nature of a quasi-contractual statutory obligation enforceable by these employees, or (2) the facts and circumstances give rise to the inference that the employees continued working pending the negotiations upon a quantum meruit basis.

It is now settled that the orders and recommendations of the War Labor Board are merely advisory, and are not akin to statutory obligations, for their enforcement rests upon executive sanction rather than legal process. See Employers Group of Motor Freight Carriers, Inc. v. N.W.L.B., 79 U.S.App.D.C. 105, 143 F.2d 145, certiorari denied 323 U.S. 735, 65 S.Ct. 72; N.W.L.B. v. Montgomery Ward & Co., Inc., 79 U.S.App.D.C. 200, 144 F.2d 528, certiorari denied 323 U.S. 774, 65 S.Ct. 134; N.W.L.B. v. U. S. Gypsum Co., 79 U.S.App.D.C. 239, 145 F.2d 97, certiorari denied 324 U.S. 890, 65 S.Ct. 1011.

The conduct of the parties negatives a holding that the claimants continued working upon a quantum meruit basis. A promise to make additional compensation cannot be inferred where the very claim is contested at all times by the one to be charged. The mere fact that an employee demands an increase in wages which is refused by his employer does not ipso facto give rise to a relationship in which the employee is to receive the reasonable value of his services. More is needed. Cf. Meislahn v. Irving Nat. Bank., 62 App. Div. 231, 70 N.Y.S. 988, affirmed 172 N.Y. 631, 65 N.E. 1119.

Findings of Fact and Conclusions of Law of the Referee are hereby adopted and concurred in. The petition is dismissed and the Referee's order is affirmed.

Settle order on notice.

Sidney H. Reich, of White Plains, N. Y., for trustee.

Diamond, Rabin & Mackay, of New York City (Daniel Kornblum and Murray A. Gordon, both of New York City, of counsel), for claimants.

CONGER, District Judge.

This is a certificate to review the determination of the Referee that the claims