In the Matter of the Claim of HARRY A. LA BURT, Director of Creedmoor State Hospital, on Behalf of LORENE TILLOTSON, an Incompetent, Respondent, against ANKARA PERFUMES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The appellant insurance carrier, the State Insurance Fund, questions the form and manner of payment of an award of death benefits to a dependent incompetent adult daughter of a deceased employee. On a former appeal a prior award was reversed and remitted for further consideration because the form and manner of its payments were found erroneous (see 273 App. Div. 836). The payee of the award is an inmate of the Creedmoor State Hospital and permanently totally disabled by reason of dementia praecox, and has no committee of her property. The present award is for sixty-seven past weeks, totalling $234.50 and directs its payment to the director of the hospital for the benefit of the incompetent. This we consider authorized by subdivision 14 of section 34 of the Mental Hygiene Law which provides that the moneys of such incompetent shall be placed to the credit of the inmate and disbursed on the order of the director " to provide luxuries, comforts and necessities " of the inmate, " including support and burial expenses." On the argument the Attorney-General represented that the amount of the award is so small that it would doubtless be used to provide luxuries and comforts for this incompetent and not for or on account of her cost and maintenance in the hospital. On the assumption that the director will act accordingly, we affirm the order and decision appealed from thus avoiding the necessity of the appointment of a committee with its accompanying expense. Decision and award affirmed, without costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ. [See *post*, p. 949.]

In the Matter of the Claim of ELIZABETH ROBERTS et al., Respondents, against KENNEDY VALVE MANUFACTURING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award dated December 16, 1947, made by the Workmen's Compensation Board for death benefits arising out of the death of Fred J. Roberts and payable to his widow and dependent mother. The decedent was employed as superintendent of the employer's plant at Elmira, New York. The employer was engaged in the manufacture of valves and fittings. On May 28, 1946, a serious flood overran parts of the city of Elmira. As the water rose the decedent was busy in and out of the building supervising the salvage of the employer's property. Finally, it became necessary for the claimant to leave the plant on a makeshift raft. Due to the unusual activities, confusion, nervousness and extreme worry and concern for the property of the employer and also for the safety of his own life, the claimant was caused to suffer a cerebral hemorrhage, from which he died on the 29th day of May, 1946. The board found that the decedent suffered an accidental injury arising out of and in the course of his employment, which resulted in his death. The evidence sustains the finding of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.