In the Matter of the Claim of PHILIP MORGENSTEIN, Claimant. DAVID TEPP, Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent.— An appeal from a decision of the Unemployment Insurance Appeal Board dated September 29, 1947, affirming a decision of an unemployment insurance referee dated June 5, 1946, and further appealing from the decision rendered June 5, 1946, and filed June 6, 1946. The claimant, an attorney, filed a claim for benefits on March 11, 1946. He asserts that he was employed by an attorney,

David Tepp, from July 26, 1944, to March, 1945, and that three other persons were employed during that period. Claimant was employed to serve and file legal papers, argue motions and make investigations for which he received a salary of $30 a week, and later was raised to $32 a week. He was also permitted to engage in his own practice. He reported at the office of attorney Tepp every morning at 9:00 A.M., and worked until 5:30 or 6:00 P.M. It is contended by the employer-appellant, that he left earlier in the day and worked in a jewelry shop later in the afternoon and evening. It is also the contention of the appellant that claimant was an independent contractor and not in his employ. The appellant deducted social security and withholding taxes from claimant's weekly check. The question as to Miss Muller being an employee arises because of the fact that if she were an employee then there were four employees in the appellant's office. Miss Muller was engaged as a telephone operator and employed in the White Plains office of appellant from July 1 to September 11, 1944. She had graduated from high school the previous June and contemplated entering Colby College, but failed to gain admission to said college, and worked full time for the appellant during the customary office hours until she was discharged September 11, 1944, because the appellant desired to employ a stenographer in her place. The board found that the claimant was employed by the appellant as an attorney and that Miss Muller during July, August and September was not excluded from the Unemployment Insurance Law (Labor Law, art. 18) by virtue of subdivision 9 of section 511. The evidence sustains the finding of the board. Decision unanimously affirmed, with costs to the Industrial Commissioner. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.