In the Matter of CHARLES STOTZ, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board which affirmed decisions of the referee and Industrial Commissioner that appellant was an employer within the meaning of the Unemployment Insurance Law (Labor Law, art. 18). Appellant is engaged in the business of operating a garage and gasoline station. Also, and pursuant to an agreement in writing, he transports school children within a public school district. For this purpose he owns six busses and employs five part-time drivers. One bus he drives himself. The five bus drivers work for short periods in the morning and afternoon transporting children, and most of them have other full-time jobs or are self-employed. Appellant contends that his drivers are employees of the district and hence come within the exemption granted to municipal corporations and other governmental subdivisions (Unemployment Insurance Law, § 560, subd. 4). He also argues that the drivers should not be deemed his employees since they are employed only on a part-time basis, and in no event could ever be eligible for unemployment insurance benefits since they are never totally unemployed. The statute makes no distinction between part-time and full-time employees so far as coverage is concerned by an employer liable for contributions. The drivers in question were selected by, paid by and subject to the control of appellant. And the latter was clearly an independent contractor. Decision of the Unemployment Insurance Appeal Board affirmed, without costs. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.