In the Matter of the Claim of REALTY HOTELS, INC., Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which held that variety actors engaged by a hotel through a booking agency were independent contractors, and their earnings not subject to assessment of contributions. The board has found as a fact that the hotel did not reserve by contract any right to control the actors, and that it did not in fact exercise supervision, direction or control over them. The only question presented here is whether, on this record, we must say as a matter of law that the actors were employees. As a part of its business the hotel operates a restaurant where, in addition to food and drink, it provides for dancing, music and entertainment. It does not present any integrated show, but, through an agency engages " acts " which may consist of a single actor or artist, or several combined in one act. The hotel signs a written contract with the person who agrees to present the " act " and pays in a lump sum for the entire act, whether it consists of one or several persons. The variety artists, as they are called, furnish elaborate costumes, props and equipment, and the show is put on under their own direction. Evidence amply sustains a finding that in actual operating practice the artists were not under the supervision and control of the hotel and were in fact independent contractors. We find nothing in the written contract between the hotel and the artists to require a contrary holding. Appellant contends that certain other contracts, not signed by or on behalf of the hotel, are incorporated by reference in its contract with the artists. The Appeal Board held, we think correctly, that such was not the case. Even if other agreements which characterize the parties as employer and employee were incorporated by reference, it would still be a question of fact for the board to determine upon all the evidence. The label or characterization put upon the relationship is not necessarily controlling in the face of contrary evidence as to actual practice. The record contains substantial evidence to sustain the findings of the board. Decision unanimously affirmed, with costs to respondent against the Industrial Commissioner. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.