HENRY J. LAMONT & others *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another
(and a companion case[1]).

Middlesex.  March 5, 1958. — April 9, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Employment Security*, Leaving work, Retirement.  *Labor.  Contract*, Of employment, With labor union.  *Agency*, What constitutes, Collective bargaining agent.

A contract between an employer and a union as the accredited collective bargaining agent of his employees providing for retirement of employees upon reaching a certain age was binding upon such an employee even though he did not wish to retire and disapproved of the contract, and upon his retiring pursuant thereto he "left his work . . . without good cause attributable to the employing unit or its agent" within G. L. c. 151A, § 25 (e) (1), as appearing in St. 1953, c. 401, as amended, and was not entitled to unemployment benefits under c. 151A.

Two PETITIONS, filed in the Second District Court of Eastern Middlesex on October 3, 1956, and November 10, 1956, respectively, for review of decisions of the board of review in the division of employment security.

The cases were heard by *Moynihan*, J.

*Harold B. Roitman*, for the petitioners.

*George H. Kidder*, for the respondent Judson L. Thomson Manufacturing Company.

---

[1] The companion case is Hugh J. Twomey *vs.* Director of the Division of Employment Security & another.

*George Fingold,* Attorney General, & *Stephen F. LoPiano, Jr.,* Assistant Attorney General, for the respondent director of the division of employment security, submitted a brief.

WILKINS, C.J.   These are appeals under G. L. (Ter. Ed.) c. 151A, § 42, as last previously amended by St. 1954, c. 681, § 12, from decisions of a judge of the Second District Court of Eastern Middlesex, which sustained decisions of the board of review reversing decisions of the director, and denied benefits to claimants under the employment security law.   The facts, which are not in question and are substantially the same in each case, have been found by the board.   Our duty is to determine what result is required on the facts found. § 42.   G. L. (Ter. Ed.) c. 30A, § 14 (8), inserted by St. 1954, c. 681, § 1.   See *Howard Brothers Manuf. Co.* v. *Director of the Division of Employment Security,* 333 Mass. 244, 245.

The issue is whether termination of employment on the ground of age pursuant to a pension agreement between the employer and the union, the collective bargaining agent of the employees, was a leaving of work "without good cause attributable to the employing unit or its agent" within the meaning of G. L. (Ter. Ed.) c. 151A, § 25 (e) (1), as amended by St. 1956, c. 719, § 4.[1]

The claimants, production employees, were members of Local 946 of the United Automobile, Aircraft, and Agricultural Implement Workers of America, the certified collective bargaining agent.   See U. S. C. (1952 ed.) Title 29, § 159 (a).   Under date of November 1, 1954, a "management-union contract" was signed by the company and the union. Subsequently, there were negotiations about a pension plan for certain employees.   After considerable discussion in which there was wide participation, a pension plan was arrived at for twenty-eight employees.   "The claimants, all of whom were sixty-nine years of age or over, retired pursuant to the provisions of the contract."   Some claimants had no desire to retire.

---

[1] "[N]o benefits shall be paid to an individual under this chapter . . . (e) . . . after he has left his work (1) without good cause attributable to the employing unit or its agent . . . ."

We quote from the decisions of the board of review. "An agreement arrived at by an employing unit with the union as bargaining agent for its employees binds the employees as if each individual employee had entered into a contract directly with his employer. See *Moen* v. *Director of the Division of Employment Security*, 324 Mass. 246. There was no reservation for an individual deviation from its terms. The claimants, themselves, speaking through their union, agreed that upon reaching a certain age they would leave their employment. They became unemployed because of their own contract providing for retirement. Such leaving of employment is not cause attributable to the employing unit or its agent. It therefore follows that their leaving was within the meaning of § 25 (e) (1) . . . ."

The decisions of the board of review were affirmed by the District Court judge on the authority of the *Moen* case, in which we considered (in 1949) a claim for unemployment benefits by an employee who was idle for two weeks without pay while his employer's plant was shut down for a vacation period with pay for other employees with longer terms of service. The shutdown was pursuant to an agreement between the employer and a union which was the exclusive collective bargaining representative of all the employees. The employment security law, § 25, as appearing in St. 1941, c. 685, § 1, provided that no benefits were to be paid for "(e) The period of unemployment next ensuing after an individual has left his employment; (1) Voluntarily without good cause attributable to the employing unit or its agent . . . ." In holding that the employee was not entitled to unemployment benefits, we said, at pages 249–250, "The claimant was bound by the agreement made on his behalf by the union to the same extent as though he had entered into it individually. He is entitled to its benefits and must accept its burdens. The claimant speaking through the union had agreed that the plant might be shut down in order that vacations could be had by the company's employees. It cannot be said that his unemployment for that period was other than voluntary. Unemployment which is

Lamont v. Director of the Division of Employment Security.

voluntary is not compensable under the employment security law . . . . Although the company assented to the claimant's time off or absence from work, it was none the less voluntary on the part of the claimant for reasons already stated." The opinion cited two cases in other jurisdictions which were in accord. *In re Employees of Buffelen Lumber & Manuf. Co.* 32 Wash. (2d) 205. *Mattey v. Unemployment Compensation Board of Review,* 164 Pa. Super. Ct. 36. Subsequently there have been others to the same effect. *Beaman v. Bench,* 75 Ariz. 345. *Grobe v. Board of Review,* 409 Ill. 576. *Jackson v. Minneapolis-Honeywell Regulator Co.* 234 Minn. 52. *Johnson v. LaGrange Shoe Corp.* 244 Minn. 354. *In re Barnes,* 286 App. Div. (N. Y.) 910. See *Bedwell v. Review Board,* 119 Ind. App. 607.

Our attention is directed to changes in the employment security law subsequent to the *Moen* case. By St. 1949, c. 476, at the end of the definition of total unemployment, c. 151A, § 1 (r) (2), as appearing in St. 1941, c. 685, § 1, there was added: "An individual who is not entitled to vacation pay from his employer shall be deemed to be in total unemployment during the entire period of any general closing of his employer's place of business for vacation purposes, notwithstanding his prior assent, direct or indirect, to the establishment of such vacation period by his employer." By St. 1951, c. 763, § 9, § 25 (d) was amended by striking out a disqualification pertaining to vacation allowances. By St. 1953, c. 401, entitled "An Act extending the waiting period and postponing benefit payments under the employment security law in the case of certain individuals who voluntarily quit work without cause or are discharged for cause," § 25 (e) was recast, and in (1) "voluntarily" was omitted.

We doubt if the omission of "voluntarily" has effected a substantial change. The two earlier amendments will provide something for consideration in future cases relating to vacations. Our immediate concern is whether employees who disapprove of an agreement as to retirement made by their bargaining agent and state that they nevertheless

wish to continue to work have left their work "without good cause attributable to the employing unit." In so far as the reasoning of the *Moen* case was based upon a contract made by a collective bargaining agent, it has not been affected by the three amendments. The substance of that holding was that where the employees through their agent had agreed to a shutdown period which gave the claimant no pay for that period, the claimant was not entitled to benefits under employment security law. See *Ford Motor Co.* v. *Director of the Division of Employment Security*, 326 Mass. 757, 765. The reasoning holds good in the present case. This result is upheld by a very recent decision of the Supreme Court of Minnesota. *Bergseth* v. *Zinsmaster Baking Co.* 252 Minn. 63.

We are referred to the majority opinion in *Campbell Soup Co.* v. *Board of Review*, 13 N. J. 431, which holds that a worker retired on pension at age sixty-five, as required by a collective bargaining agreement, had not "left work voluntarily without good cause" so as to be disqualified from receiving unemployment compensation. The statute contained no such phrase as "attributable to the employing unit or its agent." The court stated, "The Legislature plainly intended that the reach of the subsection was to be limited to separations where the decision to go or to stay lay at the time with the worker alone" (page 435). We do not perceive such intent in our statute. If that should be the legislative policy, its declaration can be made in more definite language than that of § 25 (e) (1).

What we have said disposes of the main issue, but we shall notice certain contentions. It is not accurate to say that it "was at the insistence of the employer that the terms of the retirement policy be honored"; or that the cessation of work is "the result of company policy imposed upon the worker through the medium of agreement with the collective bargaining agent." The agreement is that of both parties. It is not the policy merely of one who alone wishes it to be honored. Arguments based upon the alleged creation by the decision of the board of review of unworkable adminis-

trative standards should be addressed to the Legislature. The charge that there is a discrimination against employees with union affiliation ignores the basic fact that the union is the accredited bargaining representative of its members and not a stranger to them. The further charge that private agreement is allowed to change the scope of the statute, or amounts to an unpermitted waiver of rights, begs the question of what the statute means. It is objected that the board of review's decision treats the statute as if reading "solely attributable to the employing unit." This objection passes over the agency factor. We are dealing with a cause jointly attributable to both the employing unit and the union, that is, to both the employing unit and the employees. We are not considering a cause attributable partly to the employing unit and partly to someone other than the employees or their accredited bargaining representative.

The decisions of the District Court, affirming the decisions of the board of review and dismissing the petitions, are affirmed.

*So ordered.*