Peter M. Daly, J.
The committee of the person and property of the incompetent herein seeks leave to file his final account and to resign and for an order directing that all payments under a certain annuity policy of the Connecticut General Life Insurance Company, by the terms of which the incompetent is receiving monthly payments of $53.90, be made directly to the Department of Mental Hygiene of the State of New York until such payments exceed $1,000.
The only assets of the incompetent consist of cash on deposit in a bank account, the future annuity payments under the policy referred to above and a life estate in the house owned by her son-in-law, which is of no value in view of the fact that the incompetent is close to 90 years of age.
The special guardian appointed by this court recommends the approval of the account as filed, that the committee be permitted to resign and his bond cancelled but that a substitute committee be appointed in his place. The surety company on the committee’s bond objects to so much of the application as seeks an order permitting the future annuity payments to be made directly to the Department of Mental Hygiene and urges that a successor committee be appointed in the place and stead *299 of the present committee. The basis for such objection is that the court has no authority to grant such relief.
Subdivision 14 of section 34 of the Mental Hygiene Law, as amended by chapter 23 of the Laws of 1960, effective February 12,1960, provides, in pertinent part, as follows: ‘1 the commissioner may authorize the directors of state institutions in the department to receive or obtain funds or other personal property excepting jewelry due or belonging to a patient who has no committee, up to an amount or value not exceeding two thousand five hundred dollars without taking proceedings for the appointment of a committee; and also from a committee upon his discharge when the final order so provides where the balance remaining in the hands of such committee does not exceed such amount.”
The change effected by the 1960 amendment was merely to increase the amount which could be paid directly to the Department of Mental Hygiene from $1,000 to $2,500. The foregoing subdivision was first added by chapter 395 of the Laws of 1933.
According to a letter from the Commissioner of the Department of Mental Hygiene, dated April 10, 1933, to the Counsel to the Governor, the new provision was 1 ‘ designed to help persuade those who have possession of patients’ property to surrender it. Recently a public official in Canada had money of a patient repatriated to New York State. He offered to give it up if we could show legal authority to receive it. The expenses of appointment, bond, accounting' and discharge, in the opinion of the Attorney General, make committee proceedings impracticable if less than $300.00 is involved.”
It is clear to this court, in view of the language of subdivision 14 and the reasons for its original enactment, that it was intended to obviate the necessity for the appointment of a committee where funds or other personal property excepting jewelry were due or belonging to a patient or where the balance remaining in the hands of a committee upon his discharge did not exceed the amount limited by the statute. The language thereof does not show the legislative intent to obviate the necessity for the appointment of a committee or the continuance of a committee when, as in the case at bar, future installments of income are payable to the incompetent in monthly installments. Had such been the intention, the Legislature could readily have manifested it by clear language to that effect. Not having done so, that result cannot be accomplished by the judicial branch under the guise of construction, no matter how beneficial it may be.
*300 What has here been stated, of course, has no application to payments by Federal agencies, which under their own pertinent regulations have been empowered to pay benefits directly to institutions in which the beneficiaries thereof are confined. Matter of La Burt v. Ankara Perfumes (274 App. Div. 866) is not to the contrary. What was there involved was an award totaling $234.50 for 67 weeks which had already passed. Directions for death payments which become due in the future were not involved.
The application is, accordingly, granted to the extent of approving the account, permitting the committee to resign and directing a substitute committee to be appointed. Commissions are fixed in the sum of $85.46. Costs in the sum of $25 will be paid to the Attorney-General. The claim of the Department of Mental Hygiene shall be paid to the extent of $2,000 at this time, so as to permit a suitable amount to be retained by the substitute committee to meet any contingencies which may arise. The fees of the special guardian and the attorneys will be fixed by the court in the order to be submitted. Settle order.