133 So.2d 709

**REYNOLDS METALS COMPANY**

v.

**Mabel S. THORNE, Adm'x.**

8 Div. 738.

Court of Appeals of Alabama.

May 30, 1961.

Rehearing Denied June 30, 1961.

Clopper Almon and Vincent McAlister, Sheffield, for appellant.

Cooper, Mitch, Black & Crawford, Birmingham, for appellee.

PRICE, Judge.

This is an appeal from a judgment of the circuit court awarding claimant benefits in an unemployment compensation case.

Claimant was allowed compensation by claims examiner and the appeals referee. On appeal by the employer to the Board of Appeals claimant was held to be disqualified for benefits. He appealed to the circuit court, which ruled in his favor. This appeal by the employer followed.

Charles C. Thorne died after the appeal was taken. An order of revivor substituted his widow, Mabel S. Thorne, as administratrix of his estate. Sec. 808, Title 7, Code 1940; Smith v. Wilder, 270 Ala. 637, 120 So.2d 871.

The claimant, Charles C. Thorne, was employed continuously by Reynolds Metals Company since 1945. On August 1, 1956, a collective bargaining agreement was entered into by the employer and The International Union of Operating Engineers,

Local No. 320, of which claimant was a member.

A pension plan was incorporated in the collective bargaining agreement, the pertinent provisions of which are as follows:

"(1) Any employee who on or after the effective date of the pension provisions shall have had at least 60 calendar quarters of service and shall have attained the age of 65 years, and who at the time of his retirement shall be in a bargaining unit specified in any Labor Agreement which incorporates this plan by reference, may retire at any time thereafter and shall be entitled to receive a pension upon his retirement.

\* \* \* \* \* \*

"(4) Every employee who attains at least 65 years of age and is eligible for either (a) any old age benefits under the Social Security Act or (b) retirement under this Pension Plan shall be required to retire on his 65th birthday or (if he is not then eligible for either (a) or (b) above) on such subsequent date as he first becomes eligible for either (a) or (b) above unless both the Company and the Union agree that such employee may continue working instead of retiring. Any consent given by either the Company or the Union to allow any employee to continue working instead of retiring as required above, may be subsequently withdrawn at any time and in case of withdrawal of such consent such employee shall be required to retire as of thirty (30) days after such consent is withdrawn."

The employee testified that on Sunday preceding February 27, 1959, he was informed by the company supervisor that he must "clear out" on the 27th, and on the afternoon of the 27th his card was taken and "they carried me up to the main guard entrance and told me to clear out;" that he had insisted that he wished to continue at his work, but had not been allowed to do so.

The union agreed that claimant could continue to work, instead of retiring. The employer insisted that he retire.

Claimant had not worked the required sixty quarters, or fifteen years, so as to qualify him for a pension. Presumably, since he had reached the age of sixty-five years, he was eligible for social security benefits.

The question presented on this appeal is whether an employee who is retired pursuant to the terms of a collective bargaining agreement between his employer and the union of which the employee is a member, despite the fact that he wishes to continue at his work, has "left his employment voluntarily without good cause connected with such work." Section 214, subd. B, Title 26, Code of Alabama 1940.

It is appellant's contention that claimant has terminated his employment voluntarily and is therefore not entitled to unemployment benefits.

Appellee insists that the pension plan involved here did not provide for compulsory retirement at age 65, but provided an option in both the employer and the union to permit an employee to continue in his employment after reaching retirement age. The union exercised its option; the employer refused to do so. "Therefore, the sole operative fact that caused this claimant to become unemployed was the act of the employer in refusing to exercise its option."

This is a case of first impression in Alabama. In four other states the highest court of the state has passed upon the question involved here. The cases in other states are divided. They are: Campbell Soup Co. v. Board of Review, 13 N.J. 431, 100 A.2d 287; Warner Company v. Unemployment Board of Review, 396 Pa. 545, 153 A.2d 906; Bergseth v. Zinsmaster Baking Co., 252 Minn. 63, 89 N.W.2d 172; Lamont v. Director of Employment Security, 337 Mass. 328, 149 N.E.2d 372.

Appellant cites and relies principally upon the following cases: Bergseth v. Zins-

master Baking Co., supra and Lamont v. Director of Employment Security, supra.

In the Bergseth case the question was "whether an individual, who is automatically retired from her employment under the terms of a collective-bargaining agreement between her employer and her union, is entitled to receive unemployment benefits." [252 Minn. 63, 89 N.W.2d 173.]

The court held that the claimants were disqualified for benefits, concluding that "these separations were without good cause attributable to the employer because they resulted from circumstances about which the employer could do nothing and which were solely within the control of the employee. The separations were voluntary because they resulted from the acts of duly selected bargaining agents. 'Their acts were his (the employee's) acts.'"

The court expressly repudiated the reasoning of the New Jersey court in the Campbell Soup Co. case, stating "rather we concur in the views expressed by the appellate division of the superior court of that state since we believe they are based upon sounder logic. '* * * (B)y being a member of the union he (claimant) ratified or joined in any of the decisions of the union and must be bound by them.'"

In the Lamont case the court stated:

"The issue is whether termination of employment on the ground of age pursuant to a pension agreement between the employer and the union, the collective bargaining agent of the employees, was a leaving of work 'without good cause attributable to the employing unit or its agent' * * *

"* * * 'The claimants, all of whom were sixty-nine (69) years of age or over, retired pursuant to the provisions of the contract.' Some claimants had no desire to retire.

\* \* \* \* \* \*

"* * * Our immediate concern is whether employees who disapprove of an agreement as to retirement made by their bargaining agent and state that they nevertheless wish to continue to work have left their work 'without good cause attributable to the employing unit.'" [337 Mass. 328, 149 N.E.2d 373.]

The court quoted with approval from the decision of the board of review, as follows:

"An agreement arrived at by an employing unit with the union as bargaining agent for its employees binds the employees as if each individual employee had entered into a contract directly with his employer. * * * There was no reservation for any individual deviation from its terms. The claimants, themselves, speaking through their union, agreed that upon reaching a certain age they would leave their employment. They become unemployed because of their own contract providing for retirement. Such leaving of employment is not good cause attributable to the employing unit or its agent."

Appellant also directs our attention to two unpublished opinions, copies of which are filed as exhibits to appellant's brief, where the courts held that claimants were not entitled to benefits.

Appellee relies principally upon Campbell Soup Co. v. Board of Review, supra, and Warner Company v. Unemployment Comp. Board of Review, supra.

In the Campbell Soup Company case, in an opinion written by Judge Brennan (now a Justice of the Supreme Court of the United States) the New Jersey Supreme Court found that claimant left his employment involuntarily and that he was eligible for benefits. The court observed:

"If the inquiry is isolated to the time of termination, plainly none of the claimants left voluntarily in the sense that on his own he willed and intended at the time to leave his job. On the contrary, each claimant resisted his termination and left against his

will only upon his employer's insistence that the contract obligation gave neither of them any alternative but to sever the relationship.

\* \* \* \* \* \*

"The Legislature plainly intended that the reach of the subsection was to be limited to separations where the decision whether to go or to stay lay at the time with the worker alone and, even then, to bar him only if he left his work without good cause. The claimants here did not choose of their own volition to leave the employ of Campbell Soup Company when they were separated. They left because they had no alternative but to submit to the employer's retirement policy, however that policy as presently constituted was originated. Their leaving in compliance with the policy was therefore involuntary for the purposes of the statute.

"The fact, given controlling effect by the Appellate Division, that the claimants through their agent, the union, voluntarily subscribed to the contract is made unimportant by this interpretation of subsection 5(a), manifestly required in order to limit its operation within the apparent intention of the Legislature, having in mind also that the act is to be liberally construed to further its remedial and beneficent purposes \* \* \*." [13 N.J. 431, 100 A.2d 289.]

In the Warner case, supra, the court adopted the reasoning of the New Jersey Court in the Campbell Soup Company case, determined claimant's retirement was involuntary, and said:

" \* \* \* the collective bargaining agreement should not control in determining the eligibility of a retired employee for unemployment compensation; rather, the factual matrix at the time of separation should govern." [396 Pa. 545, 153 A.2d 909.]

Appellant insists we are committed to the theory of agency proceeded upon in the Bergseth and Lamont cases in view of the fact that we have said that a union acts as the agent of its members when properly performing in the field of labor relations, Department of Industrial Relations v. Pesnell, 29 Ala.App. 528, 199 So. 720; Walter v. State, 34 Ala.App. 268, 38 So.2d 609, and that claimant is bound by the agreement as if he had entered into the contract directly with his employer.

The New Jersey and Pennsylvania courts take the view that a collective bargaining contract cannot serve to render ineligible for compensation benefits a person who otherwise would be eligible.

In the Warner case, supra, the court said that if claimant were not covered by the collective bargaining agreement the employer could have dismissed him at its pleasure, and if he were so discharged he would be entitled to unemployment compensation. Without the agreement claimant could have quit at his pleasure, but would have been ineligible for unemployment benefits as a "voluntary quit." The court further stated:

"Does the fact that a collective bargaining agreement is present change these considerations under the Unemployment Compensation Law? Such agreements usually restrict the employer's right to dismiss at will until the employee reaches a certain age; they thus protect the employee from arbitrary dismissal. It would be anomalous to say that, in gaining this protection against his employer, an employee has lost a benefit which he otherwise would receive from the state —the right to receive unemployment benefits if dismissed—on the theory that he has voluntarily agreed to quit."

Both the New Jersey and Pennsylvania courts assert that if a collective bargaining agreement can be relied upon to disqualify a claimant for benefits under the theory that he had voluntarily terminated his em-

ployment, when his retirement was not in fact voluntary, its practical effect would be an advance waiver or release of benefits, and to that extent the contract would be invalid under the statutes of those states.

Our similar statute reads:

"Any agreement by an employee to waive or release his rights to benefits or any other rights under this chapter shall be void * * *." Title 26, Section 244, Code 1940.

Our courts hold that the unemployment statute is remedial and is to be liberally construed to effect its beneficent purpose, and that the disqualifying provisions are to be narrowly construed. Department of Industrial Relations v. Stone, 36 Ala.App. 16, 53 So.2d 859; Tennessee Coal, Iron R. Co. v. Martin, 33 Ala.App. 502, 36 So.2d 535, certiorari denied, 251 Ala. 153, 36 So. 2d 547.

· The New Jersey and Pennsylvania courts, in the Campbell Soup Company and Warner cases, supra, emphasize this fundamental rule of construction. The Minnesota court in the Bergseth case says that while the provisions of its statute are to be so construed, " ' * * * Our function, guided by ordinary rules of construction, is to ascertain, if we can, what the legislative intent was and to give effect to it.' * ' * * The language clearly indicates an intention to protect employees from the extreme fluctuations of business conditions, and we would go further than the legislature intended were we to extend it to cover persons who are merely retiring from the labor market."

No mention is made by the Massachusetts court in the Lamont case of the matter of liberal construction of the statute and the strict construction of the disqualification provision.

It appears to us that in order to bring the claimant within the compass of these principles, we must follow the reasoning of·the courts of New Jersey and Pennsylvania, in the Campbell Soup Company and Warner cases and look beyond the terms of the pension plan to question whether at the particular time claimant's retirement was in fact voluntary. Moreover, the employer here elected not to exercise its option to allow the employee to continue working instead of retiring. We have carefully reviewed the record and are of the opinion the trial court was correct in its conclusion that claimant did not·leave his work voluntarily, and that he was entitled to unemployment compensation.

The judgment is affirmed.

Affirmed.