■ In the Matter of the Claim of Max A. Gulack, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Reynolds, J. Appeal from a decision of the Unemployment Insurance Appeal Board on the ground that there is no substantial evidence to support the board's finding that Louis Masheb was an employee of appellant rather than an independent contractor, thus making appellant liable for unemployment contributions. The question of whether an employment relationship existed between Masheb and appellant is factual, and thus for us to disturb the board's decision we must find, on the basis of the record before us that, as a matter of law, no employment relationship existed (Labor Law, § 623; e.g., *Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256, 267). The finding of an employment relationship is not necessarily proscribed by the fact that Masheb was an attorney (*Matter of Morgenstein* [*Tepp*], 274 App. Div. 866), that he acted in a professional capacity (*Matter of Parson Sanitarium* [*Corsi*], 271 App. Div. 859), that he did not devote himself exclusively to appellant's work and was permitted to engage in a legal practice on his own behalf (see *Matter of Stotz* [*Corsi*], 281 App. Div. 726), and that he did not consider himself to be an employee (see *Matter of Realty Hotels* [*Corsi*], 285 App. Div. 919). These are merely factors to be considered by the board in reaching its determination. Here there is also proof that appellant exercised supervisory control over Masheb's activities in his behalf, that appellant had the absolute right to terminate the relationship, and that Masheb did not maintain a separate office for the practice of law, but rather was provided by appellant with an office, telephone service, stenographic services and even litigation covers, stationery, etc. Thus at best there is conflicting evidence as to the relationship and the board's resolution of that conflict must stand. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Reynolds, J.