This appeal results from an order by the Circuit Court of Montgomery County holding that William Dudley was not entitled to receive benefits under the Alabama Unemployment Compensation Act. From the circuit court's order Dudley and the State Department of Industrial Relations have filed this appeal.
The dispute which culminated in our consideration of this matter began in July of 1975 when the appellant (William Dudley) filed a claim for unemployment compensation. The Montgomery unemployment compensation agency denied Dudley's claim on the grounds that Dudley had voluntarily left his employment without good cause.
Upon learning of the agency's action, Dudley requested a hearing before an appeals referee. And following a hearing held in October of 1975, the referee found that Dudley had not voluntarily left his employment.
Dudley's former employer, appellee (Montgomery Baptist Hospital) then appealed the referee's decision to the board of appeals. The board of appeals affirmed the decision of the referee without opinion on October 8, 1976 and thereafter Baptist Hospital filed an appeal with the Montgomery County Circuit Court.
Following a hearing on the merits, the circuit court concluded that the board of appeals was in error and should be reversed. The circuit court also denied Dudley's claim for unemployment compensation.
On appeal, Baptist Hospital urges that we give great weight to the judgment of the trial court. We are cognizant of the rule that in instances where a case is tried by a court without a jury, the judgment of the court has the effect of a jury verdict and will not be disturbed on review by the appellate courts of this state unless the judgment is not supported by the evidence or is clearly in error. However, we are of the opinion that the lower court erroneously construed the law as applied to the facts before it. Thus, the rule relied on by Baptist Hospital is inapplicable to the present case. Greene v.Department of Industrial Relations, 38 Ala. App. 199,83 So.2d 360, cert. den. 263 Ala. 564, 83 So.2d 364 (1955).
The decision of the circuit court to deny Dudley's claim for unemployment compensation was apparently premised on two grounds and the validity of these grounds provides the issues before us on this appeal. Briefly stated, Dudley's claim for unemployment compensation was rejected because (1) the court did not deem him an "employee" under Title 25, chapter 4, section 7, Code of Alabama 1975 (formerly Title 26, section 184, Code of Alabama 1940); and (2) the court found that Dudley had voluntarily left his employment at Baptist Hospital. Title 25, chapter 4, section 78 (2), Code of Alabama 1975 (formerly Title 26, section 214 subd. B, Code of Alabama 1940). However, we believe that the circuit court erred in refusing to affirm the board of appeals' decision recognizing the validity of Dudley's claim for unemployment compensation and therefore reverse and remand this case.
Baptist Hospital contends on appeal that Dudley was not an "employee" within the provisions of Title 25, chapter 4, section 7, Code of Alabama 1975. We disagree.
Upon graduation from the School of Pharmacy at Auburn University, Dudley was employed as a pharmacy intern by Baptist Hospital. Such an internship is required by state law in order to become a licensed pharmacist. Title 34, chapter 23, section 1 (19), Code of Alabama 1975 (formerly Title 46, section 257 (a2) (s), Code of Alabama 1940 [Supp. 1973]). At the time Dudley began work at Baptist Hospital he had already been employed as an extern with the hospital for three months and therefore only nine months of his internship remained to be completed. Dudley knew that his employment with Baptist Hospital would terminate at the end of this nine month period. *Page 412 
During the period of his employment as a pharmacy intern Dudley was carried on the hospital's regular payroll just as other hospital employees were. In addition, he was listed as an employee on the quarterly unemployment compensation tax returns which Baptist Hospital filed with the Alabama Department of Industrial Relations. Moreover, he performed various tasks for the hospital in his capacity as a pharmacy intern and members of the hospital staff supervised most of his activities. Finally, he received taxable wages as compensation for his labors at the hospital.
Despite the existence of these facts, Baptist Hospital asserts that its relationship with Dudley was that of teacher-student and that the compensation Dudley received was merely a stipend paid to him while he served as a pharmacy intern. However, the record does not support these assertions. While it is true that Dudley's immediate supervisor denominated the hospital's relationship with Dudley as "teacher-student" and called the wages which Dudley received a "stipend," the use of such terminology to describe the relationship which existed between Dudley and Baptist Hospital appears to have been an afterthought and was at variance with the hospital's own records indicating that Dudley was an employee of Baptist Hospital. Moreover, the mere labeling of a relationship in one manner or another is not controlling on an employment compensation board of appeals or a court. Instead, these bodies may look beyond terminology and labels in order to determine whether the actual relationship between the parties is that of an employer-employee. In the instant case we conclude that William Dudley was an employee of Montgomery Baptist Hospital.
Title 25, chapter 4, section 7, Code of Alabama 1975 defines an "employee" for purposes of the Alabama Unemployment Compensation Act as, "any individual employed by an employer . . . in which employment the relationship of master and servant exists between the employee and the person employing him." And it is clear that a master-servant relationship exists where an employer has the right to select the employee, the power to discharge him, the right to direct the type of work to be done, and the authority to prescribe the means and methods by which the employee is to perform the work desired. Cookson v. Knauff,157 Pa. Super. 401, 43 A.2d 402 (1945). Indeed, courts regard the right to exercise control over the performance of the service as predominant in an employer-employee or master-servant relationship. C.A. Wright Plumbing Co. v.Unemployment Compensation Board of Review, 6 Pa. Commw. 45,293 A.2d 126 (1972). Thus, the nature of a particular job is immaterial with respect to a claim for unemployment compensation provided the employer supervises and directs the employee and the occupation or profession performed is not exempted from benefits under the relevant unemployment compensation act. C.A. Wright Plumbing Co. v. UnemploymentCompensation Board of Review, supra; Claim of Morgenstein,274 App. Div. 866, 82 N.Y.S.2d 36 (1948). In the present case a master-servant relationship existed between Dudley and Baptist Hospital. As employer, Baptist Hospital controlled Dudley's activities, supervised him in the performance of job-related tasks, paid him a wage and had the right to discharge him at any time. Furthermore, there is no provision in the Alabama Unemployment Compensation Act which would preclude a pharmacy intern from claiming he is an "employee."[1] The circuit court's application of the law to the facts in this case was incorrect.Department of Industrial Relations v. Tomlinson, 251 Ala. 144,36 So.2d 496 (1948). Consequently, we hold that the circuit court erred in failing to find that William Dudley *Page 413 
was an "employee" within the meaning of Title 25, chapter 4, section 7 of the Alabama Code.
At the hearing on this matter Baptist Hospital also contended that Dudley had voluntarily left his job at the hospital and was therefore disqualified from receiving unemployment compensation benefits under the language found in Title 25, chapter 4, section 78 (2), Code of Alabama 1975 which provides in part:
 "An individual shall be disqualified for total or partial unemployment:
. . . . .
 "If he has left his most recent bona fide work voluntarily without good cause connected with such work."
The circuit court agreed with the hospital's contention and concluded that Dudley had in fact voluntarily left his employment as a pharmacy intern. Again, however, we believe that the court erred in its conclusion.
The record reveals that Dudley and his supervisor agreed that the former's position as a pharmacy intern would terminate at the end of nine months. This period was determined by the amount of time needed by Dudley to complete the pharmaceutical internship which he was required by statute to perform. As the nine month period drew to a close, Dudley's supervisor met with Dudley to discuss the exact date on which the latter would be leaving the employment of Baptist Hospital. At their meeting Dudley requested an extension of his nine month period. His supervisor rejected this request on the grounds that there were no funds allocated in the hospital budget for extending an intern's employment beyond the statutory period for pharmaceutical internship. Dudley and his supervisor then agreed on the date when Dudley's job with Baptist Hospital would end.
We are persuaded that the aforementioned facts demonstrate that Dudley agreed to accept a position as a pharmacy intern with Baptist Hospital for a specified term and that the nature of the work compelled him to leave at the end of this term. At the conclusion of his term of employment there was no further position as a pharmacy intern at the hospital available for Dudley. In short, the job with respect to Dudley simply ceased to exist. And in view of this fact, we conclude that Dudley's action in leaving the employ of the hospital did not constitute a voluntary leaving, but rather an involuntary termination.Churchill Downs, Inc. v. Kentucky Unemployment InsuranceComm'n., 454 S.W.2d 347 (Ky.App., 1970); Kentucky UnemploymentInsurance Comm'n. v. American National Bank Trust Co.,367 S.W.2d 260 (Ky.App., 1963);[2] Grieco v. Levine, 41 A.D.2d 799,341 N.Y.S.2d 646 (1973). See Reynolds Metals Co. v. Thorne,41 Ala. App. 331, 133 So.2d 709 (1961). Accordingly, the judgment of the circuit court denying Dudley unemployment compensation benefits on the grounds that he voluntarily left his employment without good cause was in error.
The circuit court interpreted various provisions of the Alabama Unemployment Compensation Act. The consideration of those provisions involved questions of law. Department ofIndustrial Relations v. Tomlinson, supra. A court's determination concerning questions of law is not entitled to any presumption of correctness on appeal. Donnelly v. Doak, Ala., 346 So.2d 414 (1977). In the present case, the circuit court *Page 414 
reached an improper legal conclusion on the basis of the facts before it. Greene v. Department of Industrial Relations, supra.
Consequently, our reversal and remand of the court's decision with regard to the disputed issues is warranted.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Title 25, chapter 4, section 7, Code of Alabama 1975 states that the definition of employee is modified by the provisions of Title 25, chapter 4, section 10, Code of Alabama 1975 (formerly Title 26, section 186, Code of Alabama 1940). Section 10 indicates a number of jobs which are exempted from coverage under the Alabama Unemployment Compensation Act. However, a pharmaceutical intern is not listed as exempt from coverage under the language of section 10.
[2] Kentucky Unemployment Insurance Comm'n. v. American NationalBank Trust Co. involved facts similar to the case at bar. InKentucky Unemployment Insurance Comm'n. v. American NationalBank Trust Co. the employer bank was located in temporary quarters during the renovation of its permanent building. The bank engaged the employee as a guard at the temporary location. The bank subsequently claimed that the employee had voluntarily quit when the renovation work was completed and the need for a guard at the temporary quarters ceased. The bank's argument was based on its contention that the employee had known from the outset that the work would cease. The Kentucky Court of Appeals rejected that contention saving in part:
 "Thus it is our opinion . . . that an employee who accepts a job which he knows in advance to be temporary does not voluntarily leave when the job ceases to exist."