HOLMES, Judge.
This is an unemployment compensation case.
The Board of Appeals granted claimant unemployment compensation benefits and the employer appealed. The Circuit Court of Jefferson County, Bessemer Division, determined that claimant was ineligible and the Department appeals.
The dispositive issue on appeal is whether the trial court erred in determining that a claimant on vacation with partial pay, pursuant to a union contract, is ineligible for benefits. We hold that it did and reverse.
The record reveals the following: Claimant was employed with Alabama By-Products as a union coal miner in April, 1975.
In 1974, the United Mine Workers and claimant’s employer entered into a collective bargaining contract wherein it was agreed that the mine in which claimant worked would be closed for a two-week period during the last week in June and the first week of July, 1975. Under the agreement, employees were to receive vacation pay during the two-week period based upon the length of their employment. In view of the fact that claimant only worked for approximately three months prior to the shutdown, he was not entitled to full vacation pay. Accordingly, he received one day’s vacation pay in the amount of $44.35 and pay of $44.35 for the July 4 holiday which occurred during the shutdown.
The record further reveals that upon the mine closing, claimant applied for benefits and sought temporary work for which he was qualified, i. e., as a mechanic. The *346 Department found that the claimant was partially unemployed and awarded benefits of $38 per week. The award represented claimant’s weekly benefit of $90 less vacation and holiday pay of $44.35 received by him in each of the two weeks during the shutdown. The employer appealed to the circuit court.
The trial court held that the claimant was ineligible for benefits. This finding was bottomed on the premise that claimant was not unemployed within the meaning of §§ 25-4-71 and 25-4-78, Code of Ala.1975, because the effect of the union contract was the same as if the claimant had personally requested and voluntarily agreed to a departure from work. The court’s holding was also based on its determination that since the employee-employer relationship existed between the claimant and Alabama By-Products, the claimant was not available for work as required by § 25-4-77, Code of Ala.1975.
On appeal, the Department initially contends that a collective bargaining agreement cannot exclude a claimant from benefits to which he would otherwise be entitled. In this regard, the Department maintains that claimant’s temporary absence from work during the mine closing under the union contract was not voluntary and that pursuant to § 25 — 4-138, Code of Ala. 1975, a contract which has the effect of excluding benefits such as the instant agreement is void with respect to the provisions of the Act. We agree.
Section 25 — 4-138 provides in part: “Any agreement by an employee to waive or release his rights to benefits or any other rights under this chapter shall be void. . ”. Our cases hold that because the purpose of the Act is remedial, the disqualifying provisions set forth therein are to be strictly interpreted. Reynolds Metals Co. v. Thorne, 41 Ala.App. 331, 133 So.2d 709, cert. denied, 272 Ala. 709, 133 So.2d 713 (1961).
In Reynolds, supra, the court held that even though a claimant retired pursuant to the terms of a collective bargaining agreement, he was not disqualified for benefits on the basis that he voluntarily left employment. In so holding the court stated:
Appellant insists we are committed to the theory of agency proceeded upon in the Bergseth and Lamont cases in view of the fact that we have said that a union acts as the agent of its members when properly performing in the field of labor relations, . . . and that claimant is bound by the agreement as if he had entered into the contract directly with his employer.

Both the New Jersey and Pennsylvania courts assert that if a collective bargaining agreement can be relied upon to disqualify a claimant for benefits under the theory that he had voluntarily terminated his employment, when his retirement was not in fact voluntary, its practical effect would be an advance waiver or release of benefits, and to that extent the contract would be invalid under the statutes of those states.
Our similar statute reads:
Any agreement by an employee to waive or release his rights to benefits or any other rights under this chapter shall be void * * * . Title 26, Section 244, Code 1940.
Our courts hold that the unemployment statute is remedial and is to be liberally construed to effect its beneficent purpose, and that the disqualifying provisions are to be narrowly construed.

We . . . are of the opinion the trial court was correct in its conclusion that claimant did not leave his work voluntarily, and that he was entitled to unemployment compensation. (Citations omitted.) 41 Ala.App. at 335, 336, 133 So.2d at 712, 713.
We find the reasoning in Reynolds, supra, compelling. We therefore hold that a claimant is not disqualified for benefits where, as here, unemployment is not voluntary and self-imposed but is a result of a collective bargain which operates as a waiver of, and excludes him from benefits to which he is otherwise entitled.
*347 The Department next contends that the existence or non-existence of an employer-employee relationship in cases of partial unemployment is not determinative of whether an individual is “unemployed” under § 25-4-71 or “available for work” under § 25-4-77. We agree with this contention.
Section 25-4-71 expressly contemplates a situation in which, although the employer-employee relationship exists between the claimant and his employer, the claimant is deemed “unemployed.” Section 25-4-71 provides in part:
An individual . . . shall be deemed partially unemployed in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. The director shall prescribe regulations applicable to unemployed individuals, making such distinctions in the procedures as to total unemployment, part-total unemployment, partial unemployment of individuals attached to their regular jobs and other forms of short-time work, as the director deems necessary. . . . (Emphasis supplied.)
In the instant case there is no dispute that the remuneration which claimant received was less than the weekly benefit to which he was entitled and, therefore, the partial compensation award granted by the Board of Appeals was proper. Contra, Arrow Co. v. Department of Industrial Relations, Ala. Civ.App., 370 So.2d 1013 (1979).
We are also of the opinion that the existence of an employer-employee relationship does not preclude a finding that a claimant is “available for work” as required by § 25-4-77. As we noted above, § 25-4-71 contemplates the situation where a claimant is eligible for benefits even when the employer-employee relationship exists if he is partially employed, i. e., a claimant working less than full time for one employer can be available to work for another employer.
In addition, it is appropriate for this cqurt to take judicial notice of the Department’s rules and regulations where such rules are promulgated pursuant to authority conferred by statute. See Frazer v. Alabama State Policemen’s Ass’n., Inc., Ala., 346 So.2d 959 (1977); State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943); Department of Industrial Relations v. Headon, 42 Ala.App. 132, 155 So.2d 123 (1962). We observe that Regulation No. 11 of the general rules and regulations of the department of industrial relations provides that a claimant is eligible for benefits when he is temporarily out of work and is subject to recall if he seeks temporary or part time employment.
We are of the opinion that the regulation applies to the analogous situation at bar. As we noted above, it was stipulated at trial that the claimant sought temporary work for which he was qualified during the period of unemployment. Thus, we conclude that claimant complied with the “availability” provisions of § 25-4-77 as well as the Act’s other mandates and, therefore, we hold that the trial court erred in disqualifying him from benefits.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.