■ Judith Chernofsky, Respondent, v Charles Chernofsky, Appellant. — In an action for divorce, the defendant husband appeals, (1) as limited by his notice of appeal and brief, from so much of a resettled order of the Supreme Court, Rockland County (Cerrato, J.), dated September 22, 1982, as, (a) directed the entry of judgment in favor of the plaintiff wife and against him for accumulated arrears in temporary maintenance and child support in the principal sum of $4,500, (b) directed that an income deduction order should issue in favor of the wife and against him, (c) directed that the defendant or the Royal Insurance Company turn over to the wife all sums paid or to be paid in settlement of a property damage claim filed concerning an automobile that had

been driven by the wife, and (d) denied his cross motion for downward modification of the award of temporary maintenance and child support, (2) from an income deduction order of the same court, dated September 23, 1982, and entered upon said resettled order, and (3) from a judgment of the same court entered October 5, 1982 upon said resettled order, which is in favor of plaintiff and against defendant in the principal sum of $4,500 for arrears in temporary maintenance and child support. Appeal, insofar as it is from the first and second decretal paragraphs of the resettled order dated September 22, 1982, dismissed, without costs or disbursements. Those portions of the order are brought up for review on the appeals from the judgment entered October 5, 1982 and from the income deduction order dated September 23, 1982, respectively (see *Matter of Aho,* 39 NY2d 241, 248). Resettled order dated September 22, 1982, otherwise affirmed, insofar as appealed from, without costs or disbursements. Judgment entered October 5, 1982 reversed, without costs or disbursements, and the first decretal paragraph of the resettled order dated September 22, 1982 is vacated. Income deduction order dated September 23, 1982 reversed, without costs or disbursements, and the second decretal paragraph of the resettled order dated September 22, 1982 is vacated. The matter is remitted to the Supreme Court, Rockland County, for determination of those branches of the plaintiff wife's motion which sought a judgment for arrears in temporary maintenance and child support and an income deduction order, in accordance herewith. Special Term did not abuse its discretion in denying the husband's cross motion for a downward modification of the award of temporary maintenance and child support. The husband based his request for a downward modification upon a purported change of circumstances, to wit, a reduction in the fees payable under his retainer agreement with Helena Rubenstein, Inc. Despite his claims to the contrary, the alleged reduction in defendant's retainer was, in fact, considered by Special Term in fixing the amount of his obligation and, therefore, did not constitute a changed circumstance. Nevertheless, we are of the view that the matter must be remitted to Special Term for reconsideration of two other issues. First, the record here is inadequate for us to evaluate the precise nature of the husband's retainer agreement with Helena Rubenstein, Inc., and to determine whether an employment relationship exists such as to justify the issuance of an income deduction order pursuant to the provisions of section 49-b of the Personal Property Law. Contrary to the claim of the husband, the professional nature of the services rendered by him as an attorney does not, in and of itself, preclude a finding of an employment relationship sufficient to justify an income deduction order under the provisions of section 49-b of the Personal Property Law (see *Matter of Gulack [Catherwood],* 27 AD2d 759; *Matter of Smith [Catherwood],* 26 AD2d 459, 460-461; *Matter of Morgenstein [Tepp — Corsi],* 274 App Div 866). The statute, which is designed to aid the court in the enforcement of support obligations, is remedial in nature and thus is to be liberally construed. It authorizes in paragraph (a) of subdivision 1 deductions from "all monies due or payable * * * entitlement to which is based upon remuneration for employment". Accordingly, Special Term should examine in greater detail the circumstances surrounding the husband's retainer agreement with Helena Rubenstein, Inc., and in the event that it concludes that an employment relationship exists, it may direct that Helena Rubinstein, Inc. deduct an amount from money payable to the husband under his retainer agreement and pay the same directly to the wife. On the other hand, should the court find that an employment relationship does not exist, an income deduction order would be inappropriate. Second, in view of this court's prior modification of the original award of temporary maintenance and support (*Chernofsky v Chernofsky,* 90 AD2d 765),

so as to require that the plaintiff wife pay the interest and amortization on the mortgage on the marital residence, real estate taxes, realty insurance and utilities, out of the award of temporary maintenance, Special Term is directed to recalculate the amount of arrears to reflect payments made by the husband in satisfaction of those items of expense during the period in which the arrears accrued. In addition, the court shall consider the husband's claim that he is entitled to credits for certain payments made by him toward the wife's support subsequent to the period in which the arrears accrued. Similarly, upon such rehearing the wife should be given the opportunity to seek recovery of any arrears which may have accrued since the date of the order appealed from. Mollen, P. J., Gulotta, Brown and Boyers, JJ., concur.