KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION, et al., Appellants,

v.

REYNOLDS METALS COMPANY, Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1962.

Paul E. Tierney, Forest Smith, Clarence E. Powell, Frankfort, for appellants.

Edgar A. Zingman, H. Wendell Cherry, Wyatt, Grafton & Sloss, Louisville, for appellee.

Herbert L. Segal, Louisville, amicus curiæ.

WADDILL, Commissioner.

The appeal is from a judgment of the Jefferson Circuit Court reversing an order of the Kentucky Unemployment Insurance Commission awarding Millard Driskell unemployment insurance benefits provided by KRS, Chapter 341. The Court held that Driskell voluntarily quit his work with appellee without good cause attributable to the employment; that he was disqualified to receive benefits under the provisions of KRS 341.370(1) (b), and that the reserve account of the appellee was relieved of charges for benefits paid under the provisions of KRS 341.530(3).

While this case was pending on appeal in this Court the case of Kentucky Unemployment Insurance Commission et al. v. Kroehler Manufacturing Company, Ky., 352 S.W.2d 212, was decided. Therein this Court held that it was not the purpose of KRS, Chapter 341 to provide benefits for employees who left their employment on account of any voluntary act of their own. The only difference between the facts of Kroehler and those in the instant case concerns the method by which the involved pension plans were negotiated. In Kroehler, employees were permitted to participate in the retirement system by making written requests. In the instant case employees participated in the retirement plan pursuant to a collective bargaining agreement negotiated for them by their labor union and ratified by their vote. This difference is not significant because in both cases the employees voluntarily accepted plans which provided for a termination of their employment. Consequently, Driskell's retirement constituted a voluntary termination of his employment and he was not entitled to unemployment benefits.

Other issues raised on this appeal, such as whether participation in the pension plan constitutes an unlawful waiver of unemployment benefits under KRS 341.470(1), have already been determined adversely to appellants' contentions in the Kroehler case.

Judgment affirmed.