### KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION, Appellant,

v.

### Edward YOUNG and Whayne Supply Company, Appellees.

Court of Appeals of Kentucky.

March 12, 1965.

As Modified on Rehearing May 7, 1965.

Paul E. Tierney, Melbourne Mills, Jr., Benjamin J. Mann, Frankfort, for appellant.

T. Kennedy Helm, Jr., Nelson Helm, Louisville, for appellees.

IRA D. SMITH, Special Commissioner.

This appeal involves just one question, —and that is the interpretation of KRS 341.370(2) (c), which denies unemployment benefits to a worker, if "he has left his most recent suitable work voluntarily without good cause."

Both appellant and appellees agree upon the following statement of facts:

Edward Young was hired by the Whayne Supply Company on August 31, 1942. He remained in that company's employ until February 8, 1963, when he was retired under a company policy that all plant employees be compulsorily retired upon attaining the age of 65. Mr. Young attained the age of 65 on February 5, 1963. The employees of the Whayne Supply Company do not have a union. However, employees in each of the company's three departments elect committeemen to confer with management with respect to working rules, conditions and policy.

In 1960, after Young had been an employee of the Whayne Supply Company for 18 years, upon the recommendation of the management and acquiescence on the part of the aforementioned committee, the company placed in effect a policy that all employees must retire upon reaching the age of 65. The retirement policy did not carry with it a pension plan. Upon leaving his employment, Young filed a claim for his unemployment insurance benefits. His eligibility was challenged and the Kentucky Unemployment Insurance Commission entered an order on August 27, 1963, which held that Young had voluntarily quit his most recent work without good cause for which he was disqualified under the provisions of the above cited statute.

The Unemployment Commission is appealing from the ruling of the Jefferson Circuit Court which reversed its order and held that Edward Young was entitled to draw his unemployment benefits.

It is evident from the brief of the Unemployment Commission that it relies upon Kentucky Unemployment Ins. Commission v. Reynolds Metal Co., Ky., 360 S.W.2d 746 and Kentucky Unemployment Ins. Commission v. Kroehler Mfg. Co., Ky., 352 S. W.2d 212. We fail to see that these decisions control the instant case.

We agree with the circuit court that the termination of Young's employment at the age of 65 was an event over which Young had little free choice. Young had been employed for some 18 years. With the approval of the workers' committee, the company adopted a compulsory retirement plan at the age of 65. This was some-

thing to which Young did not voluntarily assent or agree. Even if he approved the retirement plan, it was not by virtue of his individual consent or choice. In other words, it was not something that he did voluntarily. In the Kroehler case it was noted that the employee had the privilege of avoiding retirement by applying to the company for permission to continue to work.

Perhaps this case should be further distinguished from the Reynolds case. In Reynolds, all employees were represented by a union under collective bargaining. Not so in the present case, although the employees elected committeemen to "confer with management" with respect to matters of mutual concern. In Reynolds, a pension plan was provided. Not so in the present case. In this case Young worked for the employer 18 years before 1960, when the retirement plan was put into effect "by the company," with the acquiescence of the committee. Young then had only about two years to work before reaching 65. This retirement plan provided little, if any, benefits for Young. It is a case where "Young" was too old. We deem it unnecessary in this particular case to decide whether the "committee," elected by the employees, had a right to bind all the employees of Wayne. The important and controlling question to Young and to this Court is, WAS HIS EMPLOYMENT DISCONTINUED VOLUNTARILY by Young or by his authorized agent? We conclude it was not. This Court said in Reynolds:

> The purpose of the General Assembly in the enactment of such legislation was to provide benefits for only those employees who have been forced to leave their employment because of forces beyond their control and not because of any voluntary act of their own.

It seems to us the action of the employer two years before Young's retirement age was an act beyond his control without benefit to him and against his interest within the meaning of the law. We can discover no act or conduct of Young from which it can be said he voluntarily discontinued his employment.

As we read the record in this case Young did not have a choice. We think the word "voluntary" must certainly be defined as meaning "freely given" and "proceeding from one's own choice or full consent."

The circuit court was correct in construing the statute in this case and its judgment should be affirmed.

The opinion is approved and the judgment is affirmed.