MARCUM, APPELLEE, *v.* OHIO MATCH CO., APPELLEE, ET AL., APPELLANTS.

[Cite as Marcum v. Ohio Match Co., 4 Ohio App. 2d 95.]

(No. 1226—Decided October 27, 1965.)

*Messrs. Rhonemus, Dalbey & Bradford,* for appellee James T. Marcum.

*Mr. William B. Saxbe,* attorney general, and *Mr. Bernard L. Heffernan,* for appellants.

HUNSICKER, J.   James T. Marcum, the appellee here, was an employee of the Ohio Match Company, herein called company.   On December 8, 1962, he became sixty-five years of age.   On June 28, 1963, he retired from the company.   This retirement was required of him by the company because of a contract providing for such retirement entered into by the local labor union and the company.   Mr. Marcum was a member of the union—compelled to be such a member as a result of a closed shop labor-union contract.

On July 15, 1963, Mr. Marcum filed an application with the Bureau of Unemployment Compensation, herein called bureau, to secure benefits provided by the unemployment compensation statutes, Chapter 4141, Revised Code.   This application was denied in the following language:

"Claimant quit his employment with Ohio Match Company because of a company-union age retirement policy once an employee reaches the age of 65. This is a quit without just cause within the meaning of the law. In accordance with the law, claimant is ineligible for benefits for the duration of the unemployment caused by this quit. He shall remain ineligible until he obtains employment subject to an unemployment compensation law, earns wages equal to his weekly benefit amount, and is otherwise eligible. Accordingly, claim for week ending 7-20-63 is disallowed."

After the required procedure provided by the Act, and an affirmance of the determination of the administrator of the bureau, an appeal was lodged in the Court of Common Pleas of Wayne County, Ohio. That court then determined that the decision of the bureau was unreasonable, and contrary to law, and remanded the matter to the bureau for action pursuant to the order of reversal entered in that court.

From the order thus entered, an appeal on questions of law has been brought to this court by the bureau, which says:

"1. The court below erred in holding that the decision of the Board of Review was contrary to law;

"2. The court below erred in not finding that one who retires pursuant to a contract between the employer and his union calling for mandatory retirement at age 65 has quit his job without just cause."

The statutory provision applicable here is found in Section 4141.29 (D) (2) (a), Revised Code, which says in its pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

We have found no reported case by an appellate court in Ohio which has had the question presented herein. The writer of this opinion sat on a case with similar factual matter in the Court of Appeals for Ashland County—*Miller* v. *Bureau of Un-*

*employment Compensation,* unreported, case No. 485. In that case, the court reversed a trial court judgment that granted benefits. The conclusion of that Court of Appeals was, in effect, that one who retires as a result of a requirement contained in a company-labor union contract leaves his employment without just cause. The denial of benefits would follow as a natural course.

Cases from other jurisdictions concerning the question herein have come to our attention. An analysis of those cases has been made by Judge Leach of the Common Pleas Court of Franklin County, in the case of *Ferrelli* v. *Leach, Admr.*, 89 Ohio Law Abs. 545. In such cases where, as in the instant case, a claimant has reached the age of mandatory retirement under a company-union pension agreement, there is a conflict of authority. In many of these other jurisdictions, there is a slight change in the statutory language.

The principal cases holding for the grant of benefits under similar factual circumstances as in the instant case, are: *Campbell Soup Co.* v. *Board of Review*, 13 N. J. 431, 100 A. 2d 287; *Warner Co.* v. *Unemployment Compensation Bd. of Review*, 396 Pa. 545, 153 A. 2d 906.

The principal cases holding for the denial of benefits, are: *Bergseth* v. *Zinsmaster Baking Co.*, 252 Minn. 63, 89 N. W. 2d 172; *Lamont* v. *Director of the Div. of Employment Security*, 337 Mass. 328, 149 N. E. 2d 372; and *Kentucky Unemployment Insurance Commission* v. *Reynolds Metals Co.*, 360 S. W. 2d 746.

Although the union as the agent of Mr. Marcum entered into the contract requiring retirement at age sixty-five, it is claimed that the provision of the law denying benefits is not operative in this case, first, because it is a closed shop, and each employee must join the union even against his desire not to do so; second, Mr. Marcum wished to continued working; third, Section 4141.32, Revised Code, prevents an employee from waiving his right to benefits (which waiver, in effect, the company-union contract grants); and, fourth, the 1963 amendment of Section 4141.31, Revised Code, recognizes that benefits are payable under the conditions herein because there is in such statute a provision for reduction of benefits when retirement benefits are paid.

The provision for a closed shop, and compulsory union mem-

bership, is a policy decision of the national legislature, and the wishes of the electorate of Ohio. It cannot be changed by the courts. Mr. Marcum, through his agent, entered into this contract. He chose to accept its benefits including the pension. He must also abide by the duties called for by such agreement. Before one can waive rights under a statute, it must first be determined that one is entitled to those rights. The reference to the reduction of benefits in the event retirement pay is received does not create a right to receive such benefits. However, if a new job is obtained, and a sufficient length of service is performed, then benefits may be paid in the event of a subsequent lay-off. Section 4141.31, Revised Code, by itself creates no right to receive the benefits set out in Section 4141.29, Revised Code.

We determine that where an employee, member of a union, is retired under a compulsory retirement provision of a pension program, which provision is a part of a company-labor union agreement between his employer and the union to which he belongs, such employee is "discharged for just cause in connection with his work" as that phrase is used in Section 4141.29 (D) (2) (a), Revised Code.

The judgment from which this appeal was taken is reversed, and the decision of the Board of Review of the Bureau of Unemployment Compensation is reinstated.

*Judgment reversed.*

DOYLE, P. J., and BRENNEMAN, J., concur.