DOWLER, APPELLEE, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLANTS.

(No. 40251—Decided January 18, 1967.)

*Messrs. Gallon & Miller* and *Mr. Joseph B. Miller,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Harry G. Ebeling,* for appellant Board of Review.

*Messrs. Cowden, Pfarrer, Crew & Becker,* for appellant General Motors Corporation, Frigidaire Division.

*Per Curiam.* The question presented is whether claimant quit her work without just cause or was discharged for just cause in connection with her work, within the meaning of the provision found in Secton 4141.29 (D) (2) (a), Revised Code.

This question has been answered in the affirmative by this court in the case of *Ivy* v. *Dudley, Admr.,* 6 Ohio St. 2d 261. The judgment of the Court of Appeals is reversed on authority of that case.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissenting. The issue here poses this question: Is the appellee, Mrs. Dowler, entitled to participate in the benefits provided by the Unemployment Compensation Fund under the provisions of Sections 4141.01 to 4141.32 of the Revised Code?

The majority of the court answers in the negative resting its conclusion upon the authority of the case of *Ivy* v. *Dudley, Admr.,* 6 Ohio St. 2d 261, which in turn follows the reasoning stated in *Marcum* v. *Ohio Match Co.,* 4 Ohio App. 2d 95. My answer is in the affirmative for the reason that *Marcum* may be

immediately distinguished from the case at bar in that Marcum's retirement was *compulsory* at the age of 65 under the terms of the collective bargaining agreement between his union and his employer. Mrs. Dowler's retirement, under the provisions of a collective bargaining agreement, was after the age of 65, and then "only with the approval and at the option of" her employer.

However, if the employee "quit his [her] work without just cause or has been discharged for just cause in connection with his [her] work * * *," she would become ineligible to receive any of the state fund benefits. Section 4141.29 (D) (2) (a) of the Revised Code.

The Court of Appeals in *Marcum* held that, where an employee is retired at the age of 65 years under a compulsory provision of a collective bargaining agreement, he is "discharged for just cause in connection with his work" and, therefore, is not eligible to participate in the benefits of the state Unemployment Compensation Fund. This court, in the case at bar, approves this doctrine. I cannot agree.

Claimant's exhibit 1, "Supplemental Agreement Covering Pension Plan and Insurance Program," at page 24 reads:

"Article II, *Eligibility for Retirement and Amount of Pensions.*

"Section 1. Normal Retirement.

"(a)(1) Any employee who on or after October 1, 1950, shall have attained the age of 65, shall have completed 10 or more years of credited service as provided in Article III and shall cease active service, shall be entitled to receive a pension."

At page 31 of the same exhibit is the following:

"Section 3. Automatic Retirement.

"(a) An employee age 68 *or older* shall be automatically retired as of the last day of the month which includes the date the employee attains the age of 68."

At page 32 of the exhibit is the following:

"(c) An employee *may remain actively employed after the automatic retirement* age or date of subsection (a) above *only with the approval and at the option of the corporation. * * *"* (Emphasis added.)

It appears that there is a *"normal retirement"* at the age of 65, *"an automatic retirement"* at the age of 68, or retirement at 68 years *or older* only *with the approval and at the option of the corporation.*

It appears clearly from the facts of record as found by the Court of Common Pleas and the Court of Appeals that appellee did not quit her work but wished to continue her employment. The employer did not exercise its option by any affirmative act whatever. It seems to me that clarity and fairness, as to the meaning of the last quoted clause on retirement, require that the employer take some action to notify the employee that it was exercising its option to retire or retain her.

The appellee did not quit her work nor was she discharged for any cause, hence, she is eligible to participate in the benefits of the state Unemployment Compensation Fund.

Even though retired under the compulsory provisions of a collective bargaining retirement and pension program, an employee, if willing and able to work and is seeking employment, is eligible to receive benefits from the state Unemployment Compensation Fund.

Section 4141.31 of the Revised Code, pertaining to the reduction of benefits, in its pertinent parts, provides:

"(A) Benefits otherwise payable for any week *shall be reduced* by the amount of remuneration a claimant receives with respect to such week as follows:
"* * *

"(3) Payments in the *form of retirement, or pension allowance under a plan wholly financed by an employer* which payments are paid either directly by the employer or indirectly * * *." (Emphasis added.)

Thus, the General Assembly recognizes (1) the legality of collective bargaining agreements establishing a retirement pension program such as in the case at bar; (2) that an employee retired under such a pension plan does not lose his right to participate in the benefits of the unemployment fund; and (3) that the employer's contribution to the fund be reduced by the "amount of remuneration" paid by the employer to the retired employee under the pension plan established by a collective bargaining agreement.

Judge Porter, in his opinion below, points to the fact that appellee was able, ready and willing to continue her work and had diligently sought other employment after being retired.

The courts of last resort in the following states favor the payment of benefits out of a state unemployment compensation fund, as provided by law, to employees retired pursuant to compulsory provisions of a collective bargaining agreement or other contract of employment:

Arizona: *Employment Security Commission* v. *Magma Copper Co.* (1961), 90 Ariz. 104, 366 P. 2d 84.

Kentucky: *Kentucky Unemployment Insurance Commission* v. *Young* (Ky. 1965), 389 S. W. 2d 451. *But cf.* earlier decision in *Kentucky Unemployment Insurance Commission* v. *Reynolds Metal Co.* (Ky. 1962), 360 S. W. 2d 746.

Maine: *Dubois* v. *Maine Employment Security Commission* (1955), 150 Me. 494, 114 A. 2d 359.

New Jersey: *Campbell Soup Co.* v. *Board of Review* (1953), 13 N. J. 431, 100 A. 2d 287.

Pennsylvania: *Warner Co.* v. *Unemployment Compensation Board of Review* (1959), 396 Pa. 545, 153 A. 2d 906.

In Massachusetts, the Supreme Judicial Court held against the retired claimant in *Lamont* v. *Director of Division of Employment Security* (1958), 337 Mass. 328, 149 N. E. 2d 372, but the legislature promptly overrode the decision. See Mass. Gen. Laws, chapter 151 A, Section 25.

To the contrary are:

Minnesota: *Bergseth* v. *Zinsmaster Baking Co.* (1958), 252 Minn. 63, 89 N. W. 2d 172; *Stream* v. *Continental Machines, Inc.* (1961), 261 Minn. 289, 111 N. W. 2d 785.

New York: *McArdle* v. *Corsi, Ind. Commr.* (1948), 274 App. Div. 959, 83 N. Y. Supp. 2d 923.

I do not believe that it was the intention or purpose of the Congress or any of the various state Legislatures to label the retirement of a worthy employee after 25 or 30 or more years of faithful service with the stigma of being "discharged" or, in the vernacular, "fired."

The judgment of the Court of Appeals should be affirmed.