RUSSELL, APPELLEE, *v.* BUREAU OF UNEMPLOYMENT COMPENSATION, STATE OF OHIO, ET AL., APPELLANTS.

(No. 1319—Decided August 4, 1969.)

*Miss Mary C. Lord* and *Mr. Patrick Lordeon,* for appellee.

*Mr. William B. Saxbe* and *Mr. Arthur J. Reid, Jr.,* for appellant Bureau of Unemployment Compensation and Board of Review.

*Mr. E. A. DiSalvo,* for appellant Philip Carey Mfg. Co. Inc.

HESS, J.   This is appeal from the Court of Common Pleas for Butler County, Ohio, on questions of law, in which the Bureau of Unemployment Compensation, hereinafter referred to as Bureau, Board of Review, hereinafter referred to as Board, and the Philip Carey Manufacturing Co. Inc., hereinafter referred to as Company, are appellants, and seek reversal of a judgment entered in favor of David F. Russell, appellee, hereinafter referred to as Claimant.

The Claimant was employed by the Company on February 24, 1964, as a carton packer.   During his employment, on or about September 13, 1965, the Miami Carey Employee Association, hereinafter referred to as Union, was certified

as the labor bargaining agency for the employees of the Company.

Under the terms of the employment contract between the Union and Company, employees of the Company were not required to be members of the Union. The Claimant did not join the Union. However, the employees who did not join the Union were required to pay a service charge to aid in deferring the expenses of the exclusive bargaining representatives for all the employees of the Company's Middletown, Ohio plant.

The Claimant received and read a copy of the labor agreement before April 21, 1966; he saw a notice on the bulletin board in June, 1966, calling attention to the contract of employment. Before October 25, 1966, Claimant discussed the service charge with the president of the Union.

On October 25, 1966, the Claimant was called to the office of the personnel manager of the Company and advised that the Company had received a letter from the Union stating Claimant was among those employees who were delinquent in paying the service charge to the Union, and that pursuant to the employment agreement between the employees, Union and Company the delinquent non-union employees were being given forty-eight hours to pay service charges or be discharged.

At that time, Claimant owed seven dollars. He advised the personnel manager he would pay the seven dollars if the letter was shown to him. The personnel manager informed the Claimant that he could not give him the letter. The Claimant did not pay the service charge within the forty-eight hours' time specified and on October 27, 1966, the Claimant was discharged by the Company.

Claimant made application for unemployment benefits on November 2, 1966, and on November 17, 1966, his claim was disallowed by the administrator because he was discharged for "just cause in connection with his employment." Claimant then timely filed a request for reconsideration of the determination, and on December 9, 1966, he was advised the decision on reconsideration affirmed the

initial decision. On December 16, 1966, Claimant appealed to the Board.

On January 3, 1967, a hearing was held by a referee of the Board and on or about January 13, 1967, the previous decision on reconsideration was affirmed by the Board. On or about January 21, 1967, Claimant filed an application to institute a further appeal before the Board, which application was disallowed on or about March 13, 1967. Thereafter, Claimant timely filed and perfected his appeal to the Court of Common Pleas of Butler County, Ohio which reversed the finding of the Board on the ground "that the Board of Review erred in denying Administrator's application to institute a further appeal from the decision of the Referee."

The assignments of error presented by the appellants are: "(1) The judgment of the Court of Common Pleas, Butler County, Ohio is contrary to law; (2) the Court erred in substituting its judgment for that of the Trier of the facts, the Board of Review; (3) the Court erred in holding that the decision of the Board of Review was unlawful and unreasonable; (4) the judgment of said Common Pleas Court exceeds the jurisdiction of said Court as a reviewing body or Appellate Court; (5) the Court below erred in not finding that a Claimant who is discharged pursuant to a contract between a Company and the Union for failure to pay a mandatory service charge for nonunion members after he is told and warned that he would be discharged for failure to comply; (6) the judgment of the court below in reversing the decision of the Board of Review is without foundation in fact or in law; (7) other such errors as are apparent on the face of the record."

The real issue to be determined by this Court is presented in the fifth assignment of error, viz., whether "the Court below erred in not finding that a Claimant who is discharged pursuant to a contract between a Company and the Union for failure to pay a mandatory service charge for non-union members after he is told and warned that he would be discharged for failure to comply [is discharged for just cause]."

Counsel for Claimant contends the notice posted on the bulletin board did not say an employee would be discharged for non-compliance with his employment contract; that the forty-eight hours' notice given the Claimant on October 25, 1966, was not sufficient; that the refusal of the Company to give the Claimant a copy of the letter it received from the Union created doubts in the Claimant's mind about his responsibilities; that Claimant was denied the right of counsel; that the service charge was a form of coercion to force Claimant to join the Union; and, that failure of the Claimant to join the Union or pay a service charge to the Union was not justification to discharge him.

There is no substantial dispute on the facts in the instant case. All proceedings by the Bureau were in conformity with R. C. Chapter 4141.

The Claimant read the contract of employment about the time it was negotiated by the Union and the Company. The contract required Claimant to pay a service charge to the Union; he had discussed it with a Union official; the obligation of the non-union employees was posted on the Company bulletin board; and he was given a final warning by the Company that unless he paid the then delinquent service charge within two days he would be discharged. The Claimant did not pay the service charge and he was discharged.

The record supports the conclusion that the primary reason the Claimant did not pay the service charge, required as a condtion of his employment, was that the Company refused to permit him to see a letter addressed to the Company by the Union, advising the Company the Claimant was one of the employees who had not paid the required service charge, and that he needed that letter to present to his attorney.

This contention of the Claimant has no legal basis. Regardless of the subject matter of the letter in question, the Claimant was fully conversant with the terms of his employment and had more than sufficient time to procure legal advice before the letter was received by the Company on or about October 25, 1966. The Claimant was fully aware of the terms of his employment from September 13,

1965 to October 27, 1966, certainly a sufficient time to procure and consult with an attorney.

The Board provided the Claimant a full hearing. The referee permitted the Claimant every opportunity to present his claim.

In its role as the "trier of the facts," the Board found the Claimant's refusal to comply with the terms of his contract of employment was just cause for his discharge.

The record discloses and the evidence preponderates in favor of the conclusion reached by the referee and Board that the failure of the Claimant to comply with the terms of his contract of employment made it mandatory on the Company to discharge him. The referee and Board found that Claimant's refusal to comply with the conditions of his continued employment was just cause for his discharge. R. C. 4141.29 (D) provides in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions: * * * (2) For the duration of his employment if the administrator finds that: (a) He quit his work without just cause or has been discharged for just cause in connection with his work * * * ."

Further, the referee and Board found in keeping with the preponderance of the evidence that Claimant was discharged for just cause because of his failure to comply with the condition of his employment established and made mandatory on the Company and the exclusive bargaining agent for all employees. *Ivey* v. *Admr.*, 6 Ohio S. 2d 261; *Marcum* v. *Ohio Match Co.*, 4 Ohio App. 2d 95.

R. C. 4141.28 (O) is the authority of the Court of Common Pleas to review the findings of the Board. It states, in part, the following:

"Any interested party may * * * appeal from the decision of the board to the court of common pleas * * * . If the Court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or modify such decision and enter final judgment in accordance with such modification; otherwise such Court shall affirm such decision."

This statute gives the reviewing court the right to

reverse the finding of the Bureau only when its finding is unlawful, unreasonable, or against the manifest weight of the evidence. *Brown-Brockmeyer* v. *Roach,* 148 Ohio St. 511; *Craig* v. *Bureau of U. C.,* 83 Ohio App. 247.

In the instant case, the record fails to show any unlawful procedure. Whether the decision or finding of the Bureau was unreasonable or against the manifest weight of the evidence must be determined from the record presented to the Court on appeal.

We have determined from the record that the finding or decision of the Bureau is not unlawful, unreasonable, or against the manifest weight of the evidence; that the finding and decision of the Court of Common Pleas should be and is reversed; and, that final judgment be entered in favor of the appellants.

*Judgment reversed.*

SHANNON, P. J. and HILDEBRANT, J., concur.