RUSSELL, APPELLANT, *v.* BUREAU OF UNEMPLOYMENT COMPENSATION, STATE OF OHIO, ET AL., APPELLEES.

(No. 69-674—Decided February 10, 1971.)

*Messrs. Lord & Lordeon* and *Mr. T. Patrick Lordeon,* for appellant.

No appearance for appellees.

O'NEILL, C. J. R. C. 4141.29, as applicable to the determination of the issue presented in this appeal, reads in part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

" * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

The dispositive question is whether an applicant for unemployment compensation may be denied benefits for

the reason that he was "discharged for just cause in connection with his work" where the applicant, a nonunion employee, was discharged for failure to pay a service charge required to be paid to the union by nonunion employees under the terms of the bargaining agreement between the employer and the union.

In the case of *Ivy* v. *Dudley* (1966), 6 Ohio St. 2d 261, 217 N. E. 2d 875, claimants were "retired pursuant to a compulsory retirement provision of a collective bargaining agreement entered into between the employee's employer and the union." It was there held that the claimants were not entitled to unemployment compensation. Each involuntarily retired employee was viewed as having " 'quit his work without just cause or has been discharged for just cause in connection with his work' within the meaning of that provision as found in Section 4141.29(D)(2)(a), Revised Code."

To support the holding in *Ivy* the court adopted the reasons expressed by the Court of Appeals in the case of *Marcum* v. *Ohio Match Co.*, 4 Ohio App. 2d 95, 212 N. E. 2d 425. *Marcum* held that:

"Where an employee, member of a union, is retired at the age of sixty-five under a compulsory retirement provision of a pension program that is a part of a collective bargaining agreement between his employer and the union to which he belongs, such employee is 'discharged for just cause in connection with his work' as that phrase is used in Section 4141.29(D)(2)(a), Revised Code."

In the course of the opinion, Judge Hunsicker said:

" * * * Mr. Marcum, through his agent, entered into this contract. He chose to accept its benefits including the pension. He must also abide by the duties called for by such agreement. * * * "

Here, appellant was not a union member; hence the contract was not entered into by his agent. Nonetheless, the employer was bound by the contract and, in order to maintain operation of the company, the employer was required to fulfill the terms of the agreement. In fulfilling

those terms, the employer had no choice but to enforce the service-charge provision of the agreement and to discharge employees who did not comply with it. Thus, appellant's employment was actually conditioned upon the bargaining agreement, even though he was not a member of the union. Inasmuch as his employer was bound to comply with the agreement, appellant either had to comply or face discharge.

We note here that in the *Ivy* case, the employees had no such alternative. Here, appellant could have maintained his employment simply by paying the service charge.

It must be pointed out that, although the bargaining agreement here does not create a union shop, it does require nonunion members who receive the benefits of union bargaining to contribute to the union.

This so-called agency shop provision of the labor contract is not violative of any statute or provision of the Constitution of the state of Ohio. See *Schermerhorn* v. *Local 1625, Retail Clerks International Assn.* (Fla. 1962), 141 S. 2d 269. See, also, *Higgins* v. *Cardinal Manufacturing Co.* (1961), 188 Kan. 11, 360 P. 2d 456. The provisions of the contract in question here are valid and enforceable, and must be given effect.

We therefore hold that where an employer enters into a bargaining agreement with a labor union, which agreement contains a provision requiring nonunion member employees to pay a service charge to the union, the failure to pay such service charge by a nonunion employee constitutes just cause for his discharge by the employer. Such employee, if discharged, is "discharged for just cause in connection with his work" under R. C. 4141.29(D)(2)(a), and he is ineligible to receive unemployment compensation benefits.

In addition to appellant's contention that his discharge was not for just cause in connection with his work, appellant argues that he should have been shown the letter sent from the union to his employer and that the employer should have determined whether the 48-hour period

was a reasonable time within which appellant could have complied by paying the service charge.

Appellant had adequate notice of the service-charge provision of the bargaining agreement and he had more than three months advance notice from the bulletin board that he was expected to pay. Examination of the contents of the letter was, therefore, not essential to an understanding by appellant of the alternative with which he was confronted.

The question of the reasonableness of the 48-hour period for compliance was not within the discretion of the employer. Moreover, it is apparent that, in refusing to comply, it was appellant's purpose to test the validity of the service-charge provision of the bargaining agreement and that appellant had sufficient opportunity to comply with the agreement. Thus, this argument is without merit.

In view of our conclusion that appellant is not entitled to unemployment compensation benefits, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and LEACH, JJ., concur.

STERN, J., not participating.