MAY DEPARTMENT STORES COMPANY, APPELLANT, *v.* BOARD OF REVIEW-OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLEES.

(No. 7733—Decided November 13, 1975.)

*Mr. Kenneth R. Millisor,* for appellant.

*Mr. William J. Brown,* Attorney General, for appellees.

MAHONEY, J. Appellee Michael George was hired by appellant, the May Department Stores Company (d. b. a. M. O'Neil Company) in June, 1958, and was employed as a sales clerk until November, 1973, when he was retired at age 65. In early 1961, O'Neil changed its retirement policy to provide for, among other things, a more liberal vesting of pension benefits and for mandatory retirement at age 65. No employee input was sought by O'Neil in formulating the new program nor was any employee ratification thereof sought either individually or collectively. The pension plan was funded wholly through company contributions.

After being retired, George accepted a lump sum settlement of his pension. He then applied for, and was granted, unemployment compensation benefits. O'Neil now appeals the judgment of the Court of Common Pleas

claiming that the court erred in affirming the Board of Review's decision that George was discharged without just cause in connection with his work under R. C. 4141.29(D)(2)(a). We concur with that claim of error.

The sole question is whether an employee, in a nonunion business, mandatorily retired at age 65, pursuant to an employer's retirement program, and having received wholly employer-funded pension benefits, is ineligible under R. C. 4141.29(D)(2)(a) to receive unemployment compensation benefits because he has either quit his work without just cause or has been discharged for just cause in connection with his work.

There is a split of authority on this issue in other states. Those decisions cannot be distinguished either factually or on the basis of differences in the various statutes. They appear to be based on different perceptions of public policy. Although useful as models of the opposite arguments, they cannot be instrumental in the formulation of this court's decision.

The Ohio Supreme Court has spoken clearly in the case where an employee's retirement is mandated by a collective bargaining agreement between an employer and his union. Under these circumstances, the employee retired pursuant to such an agreement has "quit his work without just cause or has been discharged for just cause in connection with his work" as contemplated by R. C. 4141.29(D)(2)(a) and is thereby ineligible for benefits. *Ivy* v. *Dudley* (1966), 6 Ohio St. 2d 261; *Dowler* v. *Bd. of Review* (1967), 9 Ohio St. 2d 42. These decisions adopt the judgment and reasoning of this court in *Marcum* v. *Ohio Match Co.* (1965), 4 Ohio App. 2d 95, that an employee is bound by the contractual provisions in the collective bargaining agreement negotiated on his behalf by his agent, the union.

The Supreme Court, however, has not addressed this issue where the employee is not represented by a union and where the retirement age is mandated solely by unilateral company policy.

George cites the case of *Mathieu* v. *Dudley* (1967), 10 Ohio App. 2d 169, in support of his contention that in the absence of a collective bargaining agreement an employer

does not have just cause to dismiss an employee because of age. That case is distinguishable on its facts since it involved a misstatement of age in an employment application and a subsequent agreement to waive company retirement benefits if the company retained her until age 65. She was discharged at age 65, three months before she was eligible for company retirement benefits. She was, therefore, entitled to unemployment benefits because she had no vested contractual rights.

In contrast, George, in this case, had a vested contractual right to benefits which he elected to receive in a lump sum and which were more than the statutory unemployment benefits.

We see no reason, as a matter of public policy, to apply a different rule solely because an employee is or is not represented by a union which participated in the formulation of company retirement policy. George voluntarily remained at his employment after adoption of the company plan and he accepted its benefits when discharged by his employer. Under the reasoning of the *Marcum* case, he must now abide by his implied duty to retire. He has been discharged from his employment for just cause. Before one can waive rights under a statute, it must first be determined that one is entitled to those benefits. *Marcum, supra.* Therefore, under R. C. 4141.32 the prohibition against a waiver of benefits is not applicable.

We determine that an employee is "discharged for just cause in connection with his work" as that phrase is used in R. C. 4141.29(D)(2)(a) where he, regardless of union membership, is retired under a compulsory retirement provision of a pension plan which is part of the company policy established as a condition of employment.

The judgment of the trial court is reversed as is the decision of the Board of Review, Ohio Bureau of Employment Services, to whom this matter is remanded for further proceedings according to law.

*Judgment reversed.*

VICTOR, P. J., and BRENNEMAN, J., concur.