Gilbert Y. McFADDEN, Appellant,

v.

KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION and Postal Data
Center, Appellees.

Court of Appeals of Kentucky.

Sept. 22, 1978.

Paul M. Lewis, Elizabethtown, for appellant.

Paul M. Cupp, Kentucky Unemployment Ins. Com'n, Frankfort, August Winkenkoper, Jr., Louisville, for appellees.

Before COOPER, HOGGE and PARK, JJ.

PARK, Judge.

The sole question presented by this appeal is whether Gilbert Y. McFadden is disqualified from receiving unemployment compensation benefits because he left his employment with the United States Postal Service "voluntarily without good cause." McFadden was compelled to retire when he reached the mandatory retirement age of 70 years. The Kentucky Unemployment Insurance Commission (KUIC) denied McFadden's claim for unemployment benefits. McFadden appeals from a judgment of the Hardin Circuit Court affirming KUIC's order.

McFadden was first employed by the United States Postal Service in July 1958. For the first three years, McFadden was employed as a substitute postal employee. Thereafter, he became a full time career employee with the Postal Data Center at Fort Knox, Kentucky. On February 20, 1974, McFadden celebrated his 70th birthday, and his employment was terminated at the end of the month. Upon his retirement, McFadden received a federal pension of $580.00 per month based upon 20 years of service with United States Army and 15 years of service with the United States Postal Service. In addition, he receives approximately $150.00 per month in social security benefits.

KRS 341.370(2)(c) provides that a worker is disqualified from receiving unemployment benefits if he "left his most recent suitable work voluntarily without good cause." See also KRS 341.530(3) relating to charges against an employer's reserve account. McFadden contends that he wished to continue his employment with the Postal Service and that his retirement was not voluntary within the meaning of KRS 341.370(2)(c).

On this appeal, McFadden asserts that he was unaware that the Postal Department

had a mandatory retirement age of 70 years until he received a notice dated October 9, 1973, informing him that he would be retired effective February 28, 1974, following his 70th birthday. He so testified in the hearing before the referee. However, KUIC also had before it McFadden's sworn testimony before a KUIC claims examiner that he knew about the mandatory retirement age at the time he started working for the Postal Department. At the time of his initial employment by the Postal Service in 1958, and at all times thereafter, civil service employees of the Postal Department were subject to mandatory retirement upon obtaining the age of 70 years under acts of Congress.[1] McFadden acknowledged that he was aware that deductions from his compensation were made to a retirement plan when he became a full-time career employee following the three years as a temporary employee.

In determining whether an employee is deemed to have voluntarily quit his employment when terminated because he has reached a specific age, KUIC has applied a three-fold test. First, the mandatory retirement must have been pursuant to a general plan. Second, the plan must provide benefits to the employee who is terminated upon reaching the mandatory retirement age. Third, there must be some act of volition on the part of the employee. In other words, there must be some tangible act on the part of the employee which denotes his acceptance of the terms of the plan including the provisions for mandatory retirement. KUIC concluded that McFadden voluntarily accepted all of the terms and conditions of employment in effect at the time he first went to work for the Postal Service, including mandatory retirement at age 70.

The courts are split on the question whether an employee is disqualified from receiving unemployment compensation benefits when laid off pursuant to a mandatory retirement plan. A number of courts have held that mandatory retirement is by its nature a forced retirement rather than an act of volition by the employee. These courts have focused upon the situation at the time of termination of employment for the purpose of determining whether the employee left voluntarily. An equal number of courts have adopted a rule that the employee is disqualified from receiving unemployment compensation benefits when he accepts or retains employment with knowledge of a compulsory retirement plan. These cases focus attention on the circumstances existing at the time the employee first becomes subject to the retirement plan rather than the actual time of retirement. The employee is deemed to have voluntarily left work on the theory that he agreed to quit work when he attained the prescribed mandatory retirement age. See the Annotation, 50 A.L.R.3d 880, 882–86 (1973); *Richardson v. Maine Employment Security Commission*, Me., 229 A.2d 326, 329–30 (1967). The Kentucky cases follow the second line of cases which ask whether the employee has agreed to the retirement plan which contains a provision for mandatory retirement at a prescribed age.

In *Kentucky Unemployment Insurance Commission v. Kroehler Manufacturing Company*, Ky., 352 S.W.2d 212 (1961), the court considered a voluntary retirement plan which contained a provision for retirement at age 65. An employee's initial participation in the retirement plan was entirely voluntary. The employee was permitted to withdraw from the plan anytime prior to retirement, and the employee was entitled to make a special request to continue in employment upon reaching the age of 65

1. Mandatory retirement at age 70 has been applicable to civil service employees since the enactment of the Civil Service Retirement Act of 1920, Pub.L.No. 66–215, § 6, 41 Stat. 617 (May 22, 1920). At the time of McFadden's initial employment, the rule was incorporated in 5 U.S.C. § 2255, Pub.L.No. 84–854, ch. 804, § 401(5), 70 Stat. 748 (July 31, 1956). At the time of his termination, the provision appeared in 5 U.S.C. § 8335, Pub.L.No. 89–554, ch. 83, § 8335, 80 Stat. 571 (Sept. 6, 1966). This statute has since been repealed by the Age Discrimination in Employment Act Amendments of 1978, Pub.L.No. 95–256, § 5, 92 Stat. 191 (April 6, 1978).

years. Because the employee's decision to participate in the retirement plan was voluntary, the court concluded that the employee's subsequent retirement under the terms of the plan constituted a voluntary quitting of his employment. In the present case, McFadden had no choice respecting his participation in the retirement plan of the Postal Service after he had made his initial voluntary decision to accept employment with the Postal Service. However, it must also be noted that the decision in the *Kroehler* case rejected one of the cases relied upon by McFadden in his brief on this appeal, *Warner Co. v. Unemployment Compensation Board of Review*, 396 Pa. 545, 153 A.2d 906 (1959).

In *Kentucky Unemployment Insurance Commission v. Reynolds Metals Company*, Ky., 360 S.W.2d 746 (1962), the court extended the decision in the *Kroehler* case to employees participating in a retirement plan pursuant to a collective bargaining agreement negotiated for them by their labor union and ratified by their vote. The court held that an employee's retirement pursuant to the plan constituted a voluntary termination of his employment because he voluntarily accepted the retirement plan which provided for termination of his employment. Consequently, the court concluded that he was not entitled to unemployment insurance benefits.

On this appeal, McFadden relies principally upon the decision in *Kentucky Unemployment Insurance Commission v. Young*, Ky., 389 S.W.2d 451 (1965). In that case, Young had been employed by the Whayne Supply Company for eighteen years when the company adopted a policy that all employees must retire upon reaching the age of 65 years. The new policy left Young with only two years to work before his employment was terminated. The new retirement policy adopted by Whayne Supply Company did not offer a pension plan affording any benefits to Young. The court held that Young did not voluntarily quit his employment. In this case, the pension plan provides substantial retirement benefits, and it was in effect at the time he first accepted employment.

KUIC's decision denying benefits to McFadden is supported by the opinion of the Supreme Court of Maine in *Richardson v. Maine Employment Security Commission, supra*. In the *Richardson* case, Richardson's employment with the Postal Service was terminated when he attained the mandatory retirement age of 70 years. As in this case, Richardson was ready, willing and able to continue his employment with the Postal Service. The court recognized that Richardson was receiving pension benefits as a retired Postal Employee which mitigated the economic insecurity which the Unemployment Compensation Act was designed to alleviate. Relying in part upon the decision of this state's highest court in the *Kroehler* case, the Maine court denied unemployment compensation benefits to Richardson. In effect, the employee agrees to quit work when he attains the mandatory retirement age if he accepts and retains employment with knowledge of a pension plan providing for mandatory retirement.

▇▇▇ In its order, KUIC found that the Postal Service retirement plan, including provisions for mandatory retirement at age 70, were a part of the working conditions to which McFadden agreed when he accepted employment with the Postal Service. Notwithstanding his later denials, there was evidence in the record that McFadden was aware of the mandatory retirement policy at the time he first went to work at the Postal Service. The findings of KUIC are supported by substantial evidence in the record. Consequently, they are binding on this court. *Southern Bell Tel. & Tel. Co. v. Kentucky Unemployment Insurance Commission*, Ky., 437 S.W.2d 775 (1969); *Brown Hotel Co. v. Edwards*, Ky., 365 S.W.2d 299 (1963). We agree with KUIC that McFadden's termination of employment with the Postal Service did involve an act of volition on the part of McFadden. *Cf. Churchill Downs, Inc. v. Kentucky Unemployment Insurance Commission*, Ky., 454 S.W.2d 347, 348 (1970). McFadden accepted employment with knowledge of a plan providing for mandatory retirement *and* substantial

retirement benefits. KUIC did not err in holding that McFadden voluntarily left his employment with the Postal Service.

The judgment of the circuit court is affirmed.

All concur.