KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION, Appellant,

v.

Billy Gene GOODE, Lester Meadows, Jr., Bobby Dowell, James L. Thomas, Russell L. Hinds, J. M. Lane, Walter Shoopman, Lavone P. White, Edith Overstreet, Raymond B. Smalley, Jr., Danny Lee Saylor, Catherine C. Huffman, David L. Wall, James R. Elmore, Geneva Hazlewood, Garry L. League, Willie K. Harris, Geraldine Gilpin, Dolly B. Payne, Jimmy B. Caudill, Frances A. Conley, Michael D. Anderson, Patricia A. Belcher, David B. Robbins, Shelia Goode, Vonda B. Jones, Cecil G. Nuckols, Jr., Ray L. Sivis, Archie McGowan, Rosetta Ford, Nancy C. Coleman, Robert S. Bishop, Glenden M. Wright, Norma C. Glasscock, Arber J. Lee, Martha J. Wilcher, Hurston R. Tillett, Harold Graybeal, Wayne Franklin, Linda J. Dunaway, Wanda M. Overstreet, Elmer Young, Jr., James D. Prewitt, Albert Lear, Shirley M. Gordon, Ellamae Pendygraft, Engle Brock, Jr., Lonnie Gooch, Jessie T. Harris, Randy L. Sims, Sally A. McGowan, Edith Brandshaw, Monte W. Hafley, Geneva Abbott, Raymond L. Sleet, Henry E. Clark, Bobby Gourley, J. Farris Moore, Benny Moore, Emma S. Mullins, Brenda McCrystal, Bobby R. Miniard, Dennis R. Oaks, Charles E. Douglas, Robert H. Mitchell, Jr., David A. Hommons, Lanny D. Roller, Linda C. Miracle, Lynn Steven Hamblin, Johnny Juffer, Steve O. Underwood, Michael S. Terrell, Debra L. Kavanaugh, Donnie W. Smith, Michael L. Smith, Harry B. Barker, Frances S. Wright, Ruby Jean Hayes, Phyllis Cummins Gibson, Buford A. Miller, Frances Douglas, Gary W. Phillips, Elmer Gary Moore, Linda K. Burke, Pamela A. Simpson, Harold M. Hardin, Gary B. Johnson, Valeria A. Buck, Jeffrey May, Gary E. Duncil, Robert D. Sargent, Billy J. Padgett, Norma Cox, Billy Lear, Fairley E. Holt, David L. Peek, James K. Carey, Michael Grimes, Victoria Bess, Kenneth E. Lemonds, Lowell T. Tharp,

Carol J. Poynter, Zena M. Johnson, David Terhune, Evelyn Weirich, Freda Harris, Lana Lebier, and Whirlpool Corporation, Appellees.

Court of Appeals of Kentucky.

April 9, 1982.

Paul F. Fauri, Daniel F. Egbers, Dept. for Human Resources, Frankfort, for appellant.

Lee M. Dean, Harrodsburg, for appellees.

Before HOGGE, HOWERTON and REYNOLDS, JJ.

HOGGE, Judge.

This is an appeal from a judgment of the Boyle Circuit Court which reversed a decision of the Kentucky Unemployment Insurance Commission denying unemployment insurance benefits to the appellees. The appellees were employees of the Whirlpool Corporation at its Danville, Kentucky plant. They did not have sufficient time with the corporation to qualify for vacation pay when the corporation temporarily closed its plant from July 28, 1979, through August 8, 1979. They applied for unemployment insurance benefits for the period of the shutdown.

The Commission affirmed a referee's decision determining that the appellees were ineligible for benefits on the grounds that they were voluntarily unemployed since they had accepted employment with the knowledge that shutdowns might occur. A handbook given to new employees of the company states that: "The company reserves the right to close the plant for a prescribed period of time each year, and to require employees to take their vacations during such period." In arriving at the conclusion that the appellees were ineligible for benefits, reliance was placed on the recent decisions of *The Murray Operation of the Tappan Company v. Kentucky Unemployment Insurance Commission*, Ky. App., 583 S.W.2d 100 (1979) and *McFadden v. Kentucky Unemployment Insurance Commission*, Ky.App., 588 S.W.2d 711 (1978). The Circuit Court concluded that *The Murray Operation of the Tappan Company* and *McFadden* were distinguishable from the facts of this case and reversed the Commission's decision. We disagree.

It is our opinion that the principles set forth in *Murray Operation of the Tappan Company, supra*, and *McFadden* are applicable to the facts of this case. In *Murray Operation of the Tappan Company*, this Court held that where a collective bargaining agreement between employees and employer provided that every effort would be made to shut down the entire factory for vacation periods and the bargaining agreement recognized that some employees would not be compensated during the shut down, workers who were unemployed during that period were voluntarily unemployed. In that case the court stated that the situation merely entailed an application of general contract law to determine whether the unemployment incurred was contemplated by the agreement under which the employees undertook to work for the company. *Murray Operation of the Tappan Company supra* at 104. In this case as in the case just cited, it is our opinion that the shutdowns were in the contemplation of the employment agreement, in view of the employees' acceptance of work at the plant while being informed as to the shutdown provisions through a handbook given to new employees. It is not contended by the appellees that they were unaware of the shutdown and vacation provisions. The employees without sufficient time of employment knew they would be subject to periods of shutdown without vacation pay. In effect, the employees agreed to the shutdown and vacation provisions by their acceptance and retention of their employment. *McFadden, supra.* The *McFadden* case held that a postal employee, who accepted employment with knowledge of a plan providing for mandatory retirement and substantial retirement benefits, was deemed to have voluntarily quit his employment when terminated upon reaching mandatory retirement age. That case, like the case before us, did not happen to involve a collective bargaining agreement.

The Kentucky cases have not recognized any significant difference in the agreement, as to mandatory retirement, whether reached through collective bargaining by the employee's union or by the employee himself. We consider these cases, as to this aspect, to be analogous to the unemployment benefit case now before us. In *Kentucky Unemployment Insurance Commission v. Reynolds Metal Company*, Ky., 360 S.W.2d 746 (1962), the Court stated:

While this case was pending on appeal in this Court the case of *Kentucky Unemployment Insurance Commission, et al v. Kroehler Manufacturing Company*, Ky.,

352 S.W.2d 212, was decided. Therein this Court held that it was not the purpose of KRS Chapter 341 to provide benefits for employees who left their employment on account of any voluntary act of their own. The only difference between the facts of *Kroehler* and those in the instant case concerns the method by which the involved pension plans were negotiated. In *Kroehler*, employees were permitted to participate in the retirement system by making written requests. In the instant case employees participated in the retirement plan pursuant to a collective bargaining agreement negotiated for them by their labor union and ratified by their vote. This difference is not significant because in both cases the employees voluntarily accepted plans which provided for a termination of their employment.

Following this reasoning, and under the circumstances of this case, we find no reason for applying one rule of law as to an agreement through collective bargaining by the employee's union and refusing to apply the same rule as to an agreement by the employee himself. We hold that trial court erred in making such a distinction.

■■■ There is substantial evidence of probative character to support the finding of the Kentucky Unemployment Insurance Commission that there was an employment contract or agreement in this case which finding is binding in this court. Having so concluded, then that contract should be interpreted by general contract law to determine if the agreement contemplated the unemployment incurred herein. *Murray Operation of the Tappan Company, supra.* Obviously it did. Therefore, the employees herein were voluntarily unemployed and not entitled to benefits, KRS 341.370(2)(c) and the Kentucky Unemployment Insurance Commission was correct in so holding.

The appellees contend that the principles in *Murray Operation of the Tappan Company*, and *McFadden* cannot be applied by this court because those cases were decided at a date so recent as to make them inapplicable to the facts of this case. We are not persuaded to affirm by those arguments for the reason that we do not view *Murray Operation of the Tappan Company* and *McFadden* as a departure from previous law, but rather as a repetition of principles which had been established in earlier cases. In *Kentucky Unemployment Insurance Commission v. Reynolds Metals Company, supra,* it was held that an employee's retirement under a pension plan adopted under a collective bargaining agreement constituted a voluntary termination of employment. An earlier case, in which the employee was retired under the provisions of a pension plan calling for retirement at 65, and in which the retirement was deemed to be a voluntary quitting of employment, did not involve a collective bargaining agreement, but rather individual employee action. *Kentucky Unemployment Commission v. Kroehler Manufacturing Company, supra.*

The judgment of the Boyle Circuit Court is reversed, with directions to remand to the Kentucky Unemployment Insurance Commission for reinstatement of its order as to the claims of the appellees.

All concur.